# WHEELING.

## BENNETT *v.* JACKSON.

* (BRANNON, JUDGE, Absent.)

Submitted June 16, 1890.—Decided June 24, 1890. .

NEW TRIAL.

An action was brought in 1875 in the County Court. Two years thereafter it was transferred to the Circuit Court. No order except continuances was made in it after such transfer. The judge of said Circuit Court could not preside at the trial, and in 1887 the plaintiff, in the absence of the defendant and his counsel, caused a special judge to be elected; and without the knowledge of the defendant the case was tried, and a verdict and judgment rendered for the plaintiff. The defendant being notified of such judgment moved the court to set the same aside because of the facts above stated; and upon his affidavit, alleging surprise and the full payment of the debt sued on, the Circuit Court set aside the judgment and awarded the defendant a new trial. *Held* no error.

*L. Bennett* for plaintiff in error cited:

10 Gratt. 506; 18 Gratt, 364; 30 W. Va., 740; 15 W. Va., 434.

No appearance for defendant in error.

SNYDER, PRESIDENT:

Action of debt by J. M. Bennett, commissioner, against E. J. Jackson and Joseph Mitchell on their single bills executed by the defendants to the plaintiff for seventy one dollars and thirty three cents each, and all dated September 30, 1838, and payable respectively one, two and three years after date. The action was commenced

---

* Judge below.

January 2, 1875, in the County Court of Lewis county, and on December 7, 1877, was transferred to the Circuit Court of said county, where, on March 19, 1887, the same was tried by jury, and a verdict and judgment entered for the plaintiff for one hundred and seventy seven dollars and ninety nine cents and costs. On March 28, 1887, during the same term, the defendants appeared, and moved the court to set aside the verdict and judgment, and in support of their motion filed the affidavit of Joseph Mitchell, which motion the plaintiff resisted, and filed his counter-affidavit, and thereupon the court set aside said verdict and judgment upon the payment of costs, which was done, and the plaintiff excepted; and to reverse the said order and the order granting the defendants a new trial the plaintiff obtained this writ of error.

The only question before this Court is whether or not the court erred in setting aside its judgment, and granting a new trial, upon the facts and circumstances appearing in the record. The affidavit of Joseph Mitchell states that the debt sued on has been fully paid; that he placed the money with which to pay the full balance due thereon in the hands of Presley MacIntyre, and he believes said MacIntyre paid the same to Caleb Boggess, the authorized attorney for the plaintiff; that shortly after the institution of this action, affiant employed George J. Arnold and Henry Brannon as his attorneys to defend the same; that since that time said Brannon had been elected judge of the eleventh cir- cuit, which included the county of Lewis, and that said Arnold had removed from Weston, but occasionally at- tended the Circuit Court of said county; that said action had never been pressed for trial by the plaintiff, but had been permitted to sleep on the docket for years; that the affiant attended the court a number of times, but the case was generally continued on the motion of the plaintiff; that said Brannon, the judge of said court, having been his counsel, could not preside at the trial, and affiant had no notice or idea that a special judge would be elected, and a trial of said case had, in the absence of himself and his counsel, and that, as soon as he learned of the trial, he proceeded to Weston at once to his defend rights.

Affiant files as a part of his affidavit the deposition of said Presley MacIntyre, in which the said MacIntyre deposes that, about the year 1852 or 1853, he paid to plaintiff's attorney fifty odd dollars for E. · J. Jackson and Joseph Mitchell, the same being the balance in full of the last note for land sold by the plaintiff as commissioner to said Jackson and Mitchell.

The plaintiff, J. M. Bennett, in his counter-affidavit, states that he had his witnesses present at several terms of the court, but the case could not be tried because Henry Brannon, the judge of the court, could not preside on its trial, and that the case was shoved aside for other business, although the plaintiff was ready to try it, and frequently asked for the election of a special judge to try the case.

Affiant denies that the debt sued on was fully paid, or that any payment had been made thereon except what was . admitted by him and allowed the defendants on the trial. The record shows that this action was commenced more than twelve years before it was tried; that after it was transferred to the Circuit Court, in 1877, there was no order made in it except orders of continuance; and that but one continuance was made on the motion of the defendants, and no order of any kind, so far as the record shows, was made in it for nearly four years prior to the time at which the judgment complained of was rendered. The case was tried by W. E. LIVELY, who was at the time elected by the bar, in the absence of the defendants and their counsel, as a special judge to try this particular case.

It seems to me, under the special and peculiar circumstances of this case, that the Circuit Court did not err in setting aside the judgment, and granting the defendants a new trial. We do not intend to be understood as holding that, if this case had been prosecuted with reasonable diligence by the plaintiff, and had been tried by the court without the interposition of a special judge, we would sustain the action of the Circuit Court. But, the plaintiff having allowed the case to sleep upon the docket, and the regular judge of the court being disqualified to try it, we cannot say that it was the duty of the defendants to be constant in their attendance upon the court, when they knew

that there could be no trial until some proceeding out of the usual course was had in respect to the court. Under the circumstance, we think that the defendants might reasonably have expected that some intimation or notice would be given them by the plaintiff of his purpose to apply for a special judge to dispose of this stale case.

But there is another reason for affirming the action of the Circuit Court. The record shows that, in addition to the plea of payment, "the defendants filed a special plea in writing." This plea is not copied into the record before us, but it is reasonably certain from other entries in the case, that it was the plea of the statute of limitations. But, whether it was such or not, it was certainly a "special plea," and it also appears that no replication was filed to or issue joined on this plea. The jury were sworn to try the issue; and in numerous cases, both in Virginia and this state, it has been decided that a judgment entered upon the verdict of a jury sworn to try the issue joined, when no issue is in fact joined, or where there were more than one plea, and no issue had been joined on some one of such pleas, such judgment will for that reason only be set aside by the appellate court. Many of these cases are cited in *Ruffner* v. *Hill*, 21 W. Va. on page 159.

For the foregoing reasons the judgment of the Circuit Court is affirmed.

AFFIRMED.