# CHARLESTON.

## BANK OF PRINCETON *v.* JOHNSTON.

Submitted September 17, 1895—Decided Dec. 11, 1895.

1. JUDGMENT— SETTING ASIDE JUDGMENTS—DEFENDANT'S ILLNESS.

   In an action of *assumpsit* upon a negotiable note, several parties are sued.   Process is only served upon one, and the suit is allowed to abate as to the others. The plaintiff files with its declaration an affidavit, under section 46 of chapter 125 of the Code, stating the amount he verily believes is due and unpaid from the defendant to him upon the demand, *etc.*   At the next term of the court said defendant is dangerously sick, and unable to attend court.   The attorney he relies on is deterred from going to the court-house on account of the prevalence of smallpox in the

the town where the court-house is situated. During the term, however, after judgment had been entered up against the defendant, an attorney appeared for him, and presented the affidavit of the defendant, in pursuance of the provisions of said section 46, and also presented the affidavit of said defendant's physician, showing his inability to attend court, on account of sickness, and also the affidavit of another party as to defendant's attorney's being deterred from attending court by smallpox, and moved the court to set aside the judgment and allow the defendant to plead. Said motion should have prevailed.

2. JUDGMENTS—SETTING ASIDE JUDGMENTS—CONTINUANCE OF MOTION.

Where such a motion is made by a defendant during the term at which the judgment is entered, and good cause is shown why such judgment should be set aside and the defendant allowed to plead, the court should act on said motion during the term, and not continue the motion until the next term, and then hold that it can not then set it aside, on the ground that no plea was filed or offered with the affidavit of defendant at the former term, and that the court has no jurisdiction over said judgment, or authority to set it aside, after the end of the former term.

3. JUDGMENTS—FINALITY OF JUDGMENTS—CONTINUANCE OF MOTION.

Where, under the circumstances of this case, a motion was pending to permit the defendant to plead, and said motion is continued, and the consideration thereof deferred, until the next term, the motion having been docketed, such judgment will not become final at the last day of the first term.

C. W. SMITH and HENSON & MASON for plaintiff in error. HENSON & SMITH cited Code, c. 125, s. 47; 2 How. (U. S.) 237; 101 U. S. 745; 14 Otto, 410.

JOHNSTON & HALE for defendant in error, cited Code, c. 125, ss. 46, 47; 15 Gratt. 64; 2 Tuck. Comm. 45; 1 H. & M. 25; 14 Otto, 410; 15 W. Va. 323.

ENGLISH, JUDGE:

This was an action of trespass on the case, in *assumpsit*, brought on the 25th day of December, 1893, in the Circuit Court of Mercer county, by the Bank of Princeton, a corporation suing for the use and benefit of the Princeton Banking Company, against William A. French, N. J. French, J. R. Johnston, Charles D. French, A. C. French and David A. Johnston; and the plaintiff filed with its declaration the following affidavit:

"West Virginia, Mercer county, to wit:   Bank of Princeton, a Corporation, Who Sues for the Use and Benefit of the Princeton Banking Company, a Corporation, Plaintiff, vs. William A. French, N. J. French, J. R. Johnston, Charles D. French, A. C. French, and David A. Johnston, Defendants.   H. Scott, being first duly sworn, says that he is the cashier and chief accounting officer of Bank of Princeton, a corporation, and the Princeton Banking Company, a corporation, named as parties plaintiff in the foregoing styled suit, and that there is due and unpaid to the plaintiff in said action, as he verily believes, from the defendants to said action, upon the demands stated in the declaration in the said action, including principal and interest to the date of this affidavit, after deducting all payments, credits, and set-offs made by the said defendants, and to which they are entitled, the sum of $2,792.09. Given under my hand this the 1st day of January, 1894. H. Scott.

"Taken, subscribed, and sworn to before me in Mercer county, W. Va., on this the 1st day of January, 1894.   S. V. Straley, N. P."

On the 23d day of February, 1894, an order was entered in said case in said circuit court, reciting that the summons in said case had been executed upon the defendant David A. Johnston, and returned not executed on other defendants, because not found, and the plaintiff having filed, as required by law, the affidavit of H. Scott, which appears above, with its declaration in this case, and the defendant failing to appear, the action, as to all of the defendants except the said David A. Johnston, was, on motion of the plaintiff, allowed to abate, and judgment was rendered against said David A. Johnston for the sum of two thousand seven hundred and ninety two dollars and nine cents, with legal interest thereon from the 1st day of January, 1894, the date of the said affidavit, and costs.   At a subsequent day of the same term of the court the defendant David A. Johnston appeared by his attorney, and moved the court to set aside the judgment which was rendered against him in said case on a former day of the term, and permit him to plead in the case, and filed in support o

said motion his own affidavit and that of D. French and John Boyd, M. D., which affidavits are in the words and figures following:

"West Virginia, Mercer County, towit: Bank of Princeton, a Corporation, Who Sues for the Use and Benefit of the Princeton Banking Company, a Corporation, Plaintiff, *vs.* William A. French, N. J. French, J. R. Johnston, Charles D. French, N. C. French and David A. Johnston, Defendants. In *assumpsit.* Affidavit. David A. Johnston, one of the defendants in the above action, being duly sworn, says that in the said action, as he is informed, a judgment has been rendered against him by the circuit court of Mercer county, in favor of the plaintiff, for the sum of two thousand seven hundred and ninety two dollars and nine cents, with legal interest thereon from the 1st day of January, 1894; that said judgment was rendered at the present term of the circuit court of Mercer county, W. Va. Affiant further says that there is not, as he verily believes, any sum due from him to the plaintiff upon the demand or demands stated in the plaintiff's declaration, and for which judgment has been rendered as aforesaid in said action. Affiant further says that he has been unable to attend the said court, at the present term (February, 1894) thereof, on account of sickness; that he is still unable to get to the court house of Mercer county; and that he desires that the said judgment entered against him in said action may be set aside, in order that he (affiant) may have an opportunity to make defense to said action. David A. Johnston.

"Taken, sworn to, and subscribed before me this 2d day of March, 1894, in Mercer county, W. Va. L. L. Hearn, J. P."

Affidavit of C. D. French:

"C. D. French, being sworn, says that since the present term of the circuit court, now in session at Princeton, W. Va., began, he saw Martin Williams on his way to Princeton, W. Va., to attend the case of David A. Johnston in said court, in which a judgment has been rendered at this term against the said Johnston: that said Williams went as far as Ingleside, W. Va., a distance of about 6 miles from Princeton, but that he there turned

back, having heard that small pox was at Princeton, W. Va.; that at said date the said Johnston was too dangerously ill to attend to any business at all, and that he is now too unwell to leave his room, and has so continued for several weeks; that it is doubtful whether he ought to be approached on business at this date. Chas. D. French.

"Taken, subscribed, and sworn to before me in Mercer county, W. Va., this March 2d, 1894. L. L. Hearn, J. P."

Affidavit of J. Boyd, M. D.:

"West Virginia, Mercer County, to wit: Bank of Princeton, a Corporation, Who Sues for the Benefit of the Princeton Banking Company, a Corporation, Plaintiff, *vs.* William A. French, N. J. French, J. R. Johnston, Charles D. French, N. C. French, and David A. Johnston, Defendants. In *Assumpsit.* Affidavit. John Boyd, M. D., being sworn, says that he is a regular, practicing physician in the county of Mercer, W. Va.; that as such he has been regularly waiting on and attending upon David A. Johnston, who has been ill with pneumonia since January 29, 1894, and who had had a severe attack of la grippe, for about six week's duration, just prior to his taking the pneumonia; that he also attended and waited upon him during that time; that the said David A. Johnston was greatly weakened and prostrated at the date he took the pneumonia; that he grew worse from day to day, until he became very dangerously ill; that he thus continued for some time, and was in no condition to transact any business of any character at all; that it would have been very dangerous to him to undertake the transaction of any business matters; that I would not have permitted any one to then have approached him on business, and that he has not been in condition to transact any business at all beyond this week, and even now it is not advisable that he attend to any business, or be approached on the same; that he is still confined to his room; that at no time since the present sitting of the circuit court at Princeton, W. Va., beyond this week, ought controverted matters of his business to have been discussed with him; that to have done so might have caused a relapse to him, and even to have endangered his final recovery of his present sickness, and even now his business ought not to be discussed with him. John Boyd, M. D.

"Sworn to and subscribed before me March 2, 1894.   L. L. Hearn, J. P."

The plaintiff, by his attorney, resisted said motion, and demanded the right to cross-examine the said D. A. Johnston as to the matters set up in his said affidavit; and it appearing from the affidavit of the said D. A. Johnston and John Boyd, M. D., that said D. A. Johnston was unable, on account of sickness, to be present in court at that term, the court ordered that said affidavits be filed, and made a part of the record in said case, and that said motion be docketed, and the consideration thereof continued until the next term of said court.

At the next term of the court, on the 28th day of May, 1894, it appears that the parties came by their attorneys, and the plaintiff further resisted the motion made at the last term by the defendant David A. Johnston to set aside the judgment entered in favor of the plaintiff at the last term, and moved the court to strike out the affidavits filed therein at the last term of the court by the defendant David A. Johnston, of himself and others; and the said defendant David A. Johnston tendered his pleas Nos. 1, 2, 3, 4, and 5, to the filing of which the plaintiff objected, and the court sustained said objection, and refused to permit said pleas to be filed, and also refused to set aside the judgment entered therein at the last term of said court in favor of the plaintiff against the defendant David A. Johnston, upon the ground that no plea was filed therein, nor offered to be filed, at the last term of the court, with the affidavits of said Johnston and others, and that the court has no jurisdiction over said judgment at this term, or authority to set aside said judgment, to which ruling of the court the said Johnston excepted, and applied for and obtained this writ of error.

The first assignment of error we shall consider is that the order of March 1, 1894, in effect, inhibited the defendant Johnston from pleading before the next term of court; that he should have had leave to plead before a continuance was granted. Now, when we refer again to the order we find that the defendant D. A. Johnston, at the same term at which the judgment was rendered against him,

moved the court to set aside said judgment and permit him to plead, and filed in support of said motion the foregoing affidavits; and the plaintiff's attorney resisted said motion, and demanded the right to cross examine the said D. A. Johnston as to the matters set up in said affidavit; and the court being of opinion that the plaintiff was entitled to cross-examine said Johnston upon said affidavit, and it appearing from said affidavit that said Johnston was unable, on account of sickness, to be present in court at that term, the court ordered that the affidavits aforesaid be filed, and made a part of the record in the case, and that said motion be docketed, and the consideration thereof continued until the next term of said court. Now, it will be perceived that the defendant Johnston asked for no continuance of his motion. His motion was to be allowed to plead, and that the judgment be set aside; and he supported this motion by said affidavits. The court surely should have received his plea, and not have docketed his motion, and continued the consideration thereof until the next term, and then told him it was too late to plead, and refused to set aside the judgment against him, upon the ground that no plea was filed, or offered to be filed, at the last term, with the affidavits of said Johnston, and the court had no jurisdiction over said judgment; the former term having ended. The defendant's motion to be allowed to plead was docketed, and taken under advisement by the court, and carried over to the next term, not at the instance of the defendant, but upon motion of the plaintiff's attorney, who expressed himself as desirous of cross-examining the defendant. He surely could not plead if the court would not receive his plea, and his motion was to be permitted to plead; and yet the court bases its action at the next term upon the ground that no plea was filed or offered to be filed. It surely will not be presumed that any attorney would move the court to allow him to plead, if he had no plea to offer. Looking to the early history of the practice which prevailed in regard to setting aside judgments by default, or office judgments, Robinson, in his new Practice (volume 5, p. 200) says: "In Virginia, as early as 1727, in certain actions in the general court, there might be a judgment by default in the clerk's

office, and it might be set aside in term, on pleading to issue. There was a like provision in the act of 1788, establishing district courts, and it has been extended to other courts." Under this provision, the practice has been very liberal in allowing a defendant to plead that which did not make an issue, but required subsequent pleadings, provided the real justice of the case, and not an intended delay, was thereby promoted. In *Downman* v. *Downman's Ex'rs*, 1 Wash. (Va.) 26, Pendleton, P., said, "The intention of the law was to leave a discretionary power with the court to stop all dilatory and frivolous pleas calculated for delay, but to admit all fair ones." *Hunt* v. *Wilkinson*, 2 Call. 58. The mere want of form in the plea is not a sufficient cause for rejecting it. *Downman* v. *Downman's Ex'r, supra*. But it may be rejected on other grounds. *Gray* v. *Campbell*, 3 Munf. 259. When a plea is offered to set aside an office judgment, though the court is to look only to the matter of the plea, it should receive none (if objected to) that does not go to the merits of the action. It should reject all that contain no ground of legal defense. *Wyche* v. *Macklin*, 2 Rand. 426. Barton in his Law Practice (volume 1, p. 485) in speaking of the character of the plea, says: "It must go to the merits of the action, and must not be of a nature merely calculated for delay; and although the plea, on its face, contain a legal defense, yet if it conclude with a verification, and the defendant act in such a manner as to show obviously, that his design is only to produce embarrassment and delay, the court may for this cause reject or strike out the plea. This authority was not as definite in its nature as was desirable, but it served to cause the circuit courts to establish various rules by which they test the *bona fides* of the party offering the plea; and if there was reason to suppose that a party is not acting in good faith, but only intends to cause delay, the courts were clearly justified in applying some test by which this might be determined. A common way has been to require an affidavit from the party that he had a good defense," *etc.* In Virginia, the statute on this point is substantially the same as in this state.

Now, let us return to and consider the action of the

court in the case under consideration. The order entered
on the 1st day of March, 1894, states that the defendant D.
A. Johnston filed his affidavit in support of his motion to
set aside the judgment and permit him to plead; and on the
face of his affidavit he stated that "there was not, as he ver-
ily believed, any sum due from him to the plaintiff upon
the demand or demands stated in the plaintiff's declara-
tion," *etc.*, which statement is a complete plea of *nil debet*,
in itself; and if not regarded as an issuable plea, being part
of the affidavit, it was surely sufficient, sworn to as it was,
to give notice of the *bona fides* of the defendant in moving
the court to allow him to plead, and to give assurance that
the plea offered was not merely for delay. The plaintiff's
counsel demanded the right to cross-examine the said D.
A. Johnston as to the matters set up in his affidavit, which
motion the court sustained, which resulted in a continu-
ance until the next term, as the said D. A, Johnston was
sick, and unable to attend the court. Now, there is noth-
ing in the statute which authorizes a cross-examination
upon the matters stated in such affidavit. At the close of
the forty seventh section (Code, c. 125) it is provided that,
"Any such issue may be tried at the same term unless the
defendant show by affidavit filed with the papers good
cause for a continuance. But the plaintiff shall have the
right to cross-examine the defendant upon the matters con-
tained in such affidavit;" that is, the affidavit for continu-
uance. But I find nothing authorizing a cross-examination
upon the affidavit to be filed with the plea; and think the
court erred in continuing the case for such cross-examina-
tion. The motion, however, was pending before the court,
and docketed, asking permission to plead, and asking that
the judgment which had been entered up be set aside; and
the court continued the consideration of that motion, and
awaited the cross-examination of defendant Johnston upon
his affidavit. This being the case, did the judgment be-
come final at the last day of that term ? An affidavit had
been filed, strictly complying with the statute embodying
within it a plea of *nil debet;* and the court took the matter
under advisement, and continued the case. Black on Judg-
ments (volume 1, § 86) says: "When an answer or other

pleading of a defendant raising an issue of law or fact is properly on file in the case, no judgment by default can be entered against him. To authorize a default, the answer or other pleading must be disposed of by motion, demurrer, or in some other manner. * * * For the same reasons, a default can not be entered while a motion is pending." My conclusion, therefore, is that the motion of said D. A. Johnston should have prevailed, supported by his own affidavit and that of C. D. French, who states that he saw Martin Williams on his way to the court, then in session, to attend to the case of the defendant D. A. Johnston, in which judgment was rendered against said Johnston, but that he turned back having heard that smallpox was at Princeton, and it appearing that said Johnston was then too ill to attend to any business at all. The affidavits filed, in my opinion, show good cause why the judgment entered up in the absence of the defendant Johnston should have been set aside, and said defendant have been permitted to plead; and the court erred in failing to act on said motion until after the end of the term, and then holding that it had no jurisdiction over said judgment at the next term.

The defendant Johnston should yet be allowed to plead to issue, if he so desires. The judgment should be set aside, and the case proceeded in to judgment. Judgment reversed, with costs.