# CHARLESTON

Varney & Evans *v.* Hutchinson Lumber & Mfg. Co.

Submitted June 4, 1908. Decided December 2, 1908.

1. Corporations—*Process—Misnomer—Effect—Return—Error.*

The correct name of defendant is Hutchinson Lumber & Mfgr Co.; the writ summoned "Hutchinson Lumber and Manufacturing *Corporation;*" the return of the sheriff showed the writ executed on defendant July 22, 1906, instead of 1907, a clerical error; the judgment by default was against "Hutchinson Lumber and Manufacturing Company, a corporation." On motion by defendant to set aside the judgment: *Held*, the variance, and the clerical error being curable on motion, under sections 3834 and 3835, Code 1906, are not fatal, and do not constitute good cause for setting aside the judgment. (p. 420.)

2. JUDGMENT— *Variance—Effect.*

A variance between writ and declaration may, under sections 3834 and 3835, Code 1906, be taken advantage of by plea in abatement filed at the proper time; but such plea, though tendered at the same term of court at which the judgment becomes final, whether before or after an order for an inquiry of damages has been executed, not being a plea to issue, cannot be received to set aside an office judgment. (p. 421.)

3. SAME—*Setting Aside—Grounds.*

After judgment has been entered up in court, or an order for an inquiry of damages has been executed, the judgment cannot be set aside without good cause be shown therefor. (p. 422.)

4. SAME—*Amount.*

Where a judgment by default, on the verdict of a jury, is within the sum claimed in the writ and declaration, though it exceeds the principal sum stated in the bill of particulars or statutory affidavit filed, this will not be good cause for setting aside the judgment. (p. 423.)

5. SAME—*Evidence—Statutory Affidavit—Effect.*

While the affidavit of the plaintiff filed with the declaration, as provided by section 3866, Code 1906, is made legal evidence before the jury in the execution of an order for an inquiry of damages, the plaintiff is not limited in his proof to such affidavit; he may offer other legal evidence. (p. 422.)

6. NEW TRIAL—*Appeal and Error—Discretion of Court—Review—Ruling on Motion for New Trial.*

A motion for a new trial is always addressed to the sound discretion of the court, and it takes a stronger case, in an appellate court, to reverse an order granting, than one refusing a new trial; and where defendant has employed counsel, practicing in the Court, though residing in another county, and in good faith intended to make defense to the action, and appears to have had a good and sufficient defense thereto, but he and his counsel have, without negligence, been misled as to the time of holding the court, by a change therein made so recently as not to have been discovered by them, and because of which the default occurred, the judgment below setting aside the default judgment and permitting defendant to make defense will not be reversed here on writ of error. (p. 423.)

Error to Circuit Court, Mingo County.

*Assumpsit* by Varney & Evans against the Hutchinson Lumber & Manufacturing Company. Judgment for plaintiffs, which was thereafter set aside and a new trial awarded, and plaintiffs bring error.

*Affirmed.*

Stokes & Bronson, for plaintiffs in error.

Wyatt & Graham and Sheppard, Goodykoontz & Scherr, for defendant in error.

Miller, Judge:

The writ, issued July 20, 1907, from Mingo county, returnable to August Rules, 1907, was directed to the sheriff of that county, and purported to summon "Hutchinson Lumber and Manufacturing *Corporation*" to answer the plaintiffs in an action of *assumpsit*, damages $1500. The return of the sheriff of Cabell county shows the writ was executed by him on Hutchinson Lumber and M'f'g Co., July 22, 1906, by delivering an office copy thereof to R. L. Hutchinson, attorney in fact at his place of residence in Cabell county. The declaration filed describes defendant as "Hutchinson Lumber & Manufacturing *Company*." The correct name of the defendant, according to its charter, is "Hutchinson Lumber & Mfg. Co."

At August Rules, 1907, the declaration with bill of particulars and statutory affidavit being filed, and defendant not appearing, the common order was entered; and at September Rules, the defendant still failing to appear, the common order was confirmed, and a writ of inquiry awarded. The bill of particulars, without interest, calls for $1230.00; the affidavit, made July 29, 1907, purporting to include interest to that date, calls for exactly the same sum.

On September 3, 1907, by an order styled in the case of "Varney & Evans *v*. Hutchinson Lumber & Manufacturing Company, a corporation," in *assumpsit*, plaintiffs, by their attorneys, appeared, but the defendant, though solemnly called, came not; and on motion of plaintiffs the office judgment was confirmed, the writ of inquiry executed by a jury, who, after hearing the evidence, found for the plaintiff the sum of $1254.60; and the judgment was that the plaintiffs, Varney & Evans, recover of "Hutchinson Lumber & Manufacturing Company, a corporation," the amount so found by the jury, with interest and costs. September 18, 1907, at the same term of court, the defendant appeared by counsel, and moved the court to set aside the judgment on the following grounds: first, because of alleged defects in the summons and the return thereon, because of which there was no

authority to pronounce judgment against it; second, because said judgment is in excess of the amount claimed in plaintiff's bill of particulars and affidavit filed; and, third, because of accident, mistake and surprise.

On the hearing of this motion, supported by evidence, the court on the same day sustained it, upon terms complied with by defendants; the judgment was set aside, a new trial awarded and ths defendants permitted to make defense to said action. The defendant then, with leave of the court, filed with its plea of *non-assumpsit* its counter affidavit, the plaintiff objecting and excepting thereto, by joining issue on said plea.

On September 26, 1907, on plaintiffs' motion the sheriff was permitted to amend his return on the summons, by changing the year 1906, to 1907, to conform to the fact.

All the evidence submitted on the motion to set aside said judgment is contained in a bill of exceptions, made a part of the record, and the plaintiffs have brought the case here upon a writ of error.

Did the court err to the prejudice of the plaintiff in opening said judgment and allowing defense to the action? Code 1906, section 3867, says: "If a defendant against whom a judgment is entered in the office, whether an order for an inquiry of damages has been made therein or not, shall, before the end of the term at which it becomes final, appear and plead to issue, and shall, in the cases mentioned in the next preceding section in which an affidavit is required, file such affidavit with his plea, the judgment shall be set aside, but if the judgment has been entered up in court or the order for an inquiry of damages has been executed, it shall not be set aside without good cause shown therefor." Has such good cause been shown in this case?

The first point relied on by defendant is the misnomer in the summons, and the error in the year shown in the return of the officer already referred to. It is claimed these errors rendered the judgment against the defendant by default absolutely void. We cannot accept this as a correct statement of the law. It is conceded both defects were curable on motion of plaintiff under sections 3834 and 3835, Code 1906. Such is the law. When the officers return is amended it relates back to the date of the service. *McClure-Mabie Lumber Co.* v.

*Brooks*, 46 W. Va. 732; and when such amendment is properly made in the circuit court after writ of error or appeal to this Court, and that fact made to appear here by supplemental record, the defect will thereby be cured. *Gauley Coal Land Asso.* v. *Spies*, 61 W. Va. 19, 23. No attempt was made, however, in the circuit court, to correct the alleged misnomer in the summons. Was the misnomer such as would avoid the judgment? We think not. So far as the misnomer is concerned, the case is clearly within the rule of *First National Bank of Ceredo* v. *Huntington Distilling Co.*, 41 W. Va. 530; *Snyder* v. *Philadelphia Co.*, 54 W. Va. 149; and *Grafton Grocery Co.* v. *Home Brewing Co. of Grafton*, 60 W. Va. 281. In the first case the writ was against "Huntington *Distillery* Company;" while the true name as alleged in the declaration, was "Huntington Distill*ing* Company." In the last case the writ was against "Home Brewing Co.," whereas the true name was "Home Brewing Co. *of Grafton*." In these cases the variance was held not to be fatal. The rule of these and other cases is that, although a corporation must sue and be sued by its corporate names, yet if some words are added, omitted or changed in the spelling, this is not a fatal variance if there be enough to distinguish it from other corporations or to show that the corporation suing or being sued is the one intended. The use of the word "corporation" in place of the word "company" in the corporate name of the defendant did not amount to a fatal variance, there still remaining enough to distinguish it from other corporations and to show that the corporation being sued was the one intended.

But, the defective return being corrected, suppose the misnomer and the variance between writ and declaration, if taken advantage of at the proper time, had been sufficient to prevent judgment, were they available grounds for setting aside the default judgment in this case? We think not. Code 1906, sections 3834 and 3835, says that such defects can only be taken advantage of by pleas in abatement, and that in every such case the court *may* permit the plaintiff to amend the declaration so as to correct the variance and permit the return to be amended upon such terms as to it shall seem just. The defendant insists that the word *may* in these sections means *must*, and that as

plaintiff made no motions to amend until after the court set aside the judgment, the motions were then unavailing. We do not think this proposition correct. Such errors are available only by pleas in abatement, which not being pleas to issue can not be received to set aside an office judgment though tendered at the same term of the court at which such judgment becomes final, whether tendered before or after an order for an inquiry for damages has been executed. By section 3867, Code 1906, such judgment can be set aside only when the defendant appears and pleads to issue, and in cases where, by section 3866, Code 1906, an affidavit is required, also files such affidavit with his plea. And if judgment has been entered up in court or the order for an inquiry of damages has been executed, the judgment may not be set aside without good cause be shown therefor. *Hinton, Ad'r.* v. *Ballard*, 3 W. Va. 582, 586; *Snyder* v. *Philadelphia Company*, 54 W. Va. 149. We conclude, therefore, that the judgment below can not be sustained on either of these grounds.

Did the excess of the verdict and judgment over the amount claimed in the bill of particulars and the affidavit filed justify the judgment? The writ and declaration called for a sufficient sum to cover the verdict and judgment. The defendant, insists that the plaintiffs were limited in their proof to the amount stated in the affidavit. Is such the effect of an affidavit provided for in section 3866, Code 1906? We do not think so. It says: "When a jury is impaneled to execute an order for an inquiry of damages, their oath shall be that they will well and truly find the amount, if any, which the plaintiff is entitled to recover in the action, and a true verdict render according to the evidence;" and that "the affidavit of the plaintiff * * * * shall be legal evidence of such inquiry." It does not, and it is not necessary that it should appear upon what evidence the verdict and judgment were predicated. *Anderson* v. *Doolittle*, 38 W. Va. 629. The statute making the affidavit evidence does not make it the only evidence. Its main purpose is to prevent dilatory pleas. The verdict and judgment being for less than that named in the writ and declaration does not render it erroneous. *Roderick* v. *The Railroad Company*, 7 W. Va. 54. And in this case it is said: "A new trial will not be granted after a verdict, because the amount of damages

assessed by the verdict exceeds the amount claimed in the writ, but not the amount laid in the declaration." In *Swindell* v. *Harper*, 51 W. Va. 381, we decided that, where the amount of damages assessed by the jury is within the amounts laid in both the writ and the declaration, a motion in arrest of judgment is properly overruled. We are of the opinion, therefore, that this also is not a sufficient ground for setting aside the judgment.

May the judgment below be sustained because of accident, mistake, or surprise? The test to be applied is the same as on a motion for a new trial; that is, it must be made to appear that some fraud, accident, mistake, surprise or some adventitious circumstance has prevented defendant from making a defense, excusing his absence, and which prudence on his part could not have guarded against, the slightest negligence being sufficient to defeat the application. *Post* v. *Carr*, 42 W. Va. 72, 74. But while this is law it is also true that the subject of granting or refusing new trials is always addressed to the sound discretion of the court. *Wilson* v. *Kennedy*, 59 S. E. Rep. 737; *Mathews* v. *Tyree*, 53 W. Va. 298. And it takes a stronger case to justify an appellate court in reversing an order granting, than one refusing a new trial. *Reynolds* v. *Tompkins*, 23 W. V. 229; *Martin* v. *Thayer*, 37 W. Va. 38.

Tested by these rules should we reverse the judgment below awarding defendant a new trial? The facts relied upon by the defendant to excuse its absence and failure to appear and defend the action are that Mr. Hutchinson, on whom the process was served, shortly after receiving it conferred with the company's counsel at Huntington, directing them to do whatever was necessary to defend the action. At that time Mr. Wyatt, the attorney consulted, examined the Code of 1906, ascertained from it that the next term of the circuit court in Mingo county would begin on the first Monday in October. He had not at that time seen an indexed copy of the Acts of the Legislature of 1907, changing the time of the fall term of that court from the first Monday in October to the first Monday in September; but in the latter part of August he had seen a copy of the advanced sheets, of those acts, unbound and unindexed, but failed to observe that such a change had been made. He knew before consulting the Code

that the time for holding court in that County had been the first Monday in October; and after making the examination, says he relied upon the time given in the Code of 1906. He further says, and we think the evidence shows he intended to appear and make defense to the action at the October term. The first information he had of the change made in the time of holding the court was when Mr. Hutchinson, telegraphed him, September 4th or 5th, that judgment by default had been entered against his company.

Ignorance of the law is said to excuse no one; but is not so recent a change of the law, and the occurrence in this case between the date of its enactment and full publication thereof, a circumstance worthy of consideration; and can it be said that a party who or whose counsel had been surprised in the manner disclosed here has been guilty of negligence precluding him from all relief? We do not think the rule of law invoked is intended to operate so harshly. But it is said that Hewitt, President in charge of defendant's lumbering operations in Mingo county, was frequently at Williamson after suit brought and where the court sat, and that he could have employed local counsel; and have learned of the change in the time of holding the court, but did not do so, and that he was negligent therein. The answer to this is that the company had intrusted the business to its regular counsel, who had advised it as to the time when the court would convene. We do not think the defendant should be convicted of negligence when he had thus done all that could be reasonably required of it.

Each case must turn on its own facts; and courts must not relax their rules in such a way as to permit the negligence of litigants to interrupt the orderly administration of justice. But we do not think the facts in this case show negligence.

Plaintiffs rely on *Post* v. *Carr*, *supra*. The facts in that case are very different from the facts in this case. In that case the defendant, a resident of Zanesville, Ohio, was sued in Ohio county and served with process there. He sent the process by mail to his attorney, at Zanesville, requesting him to enter appearance; but the attorney being absent from home did not receive the letter until after judgment. The defendant got no reply to his letter. He was at Zanesville several times afterwards and before judgment, but made no effort to

see his counsel, and learn from him whether his letter had been received; nor did he give the case any local attention at Wheeling, where he frequently was. In this case defendant's officer had seen counsel, consulted with them, obtained their promise to attend to the case, learned from him when court was to convene and when the case would require attention, and so far as we can see had done and was disposed to do everything that could reasonably be required of the defendant in the premises. The whole trouble arose from failure of counsel to note the recent change made in the time of holding the court. We do not think that under the circumstances this mistake should be imputed to the negligence of the defendant. It was an honest mistake, not barring the remedy of a new trial. 1 Graham & Waterman on New Trials, 179, 181; 2 *Id.* 1478.

Moreover the evidence on the motion for a new trial stands uncontradicted that the defendant did not owe the plaintiffs one cent, had never owed them anything, and had never purchased the saw mill outfit and supplies on which the suit was based. This was a very potent fact going to justify the exercise of the discretion of the court in awarding the defendant a new trial. *Bennett* v. *Jackson*, 34 W. Va. 62.

What our judgment would have been if the court below had denied a new trial, we are not called upon to say, but from the whole case as presented we can not say there has been any abuse of the discretion of the court in awarding a new trial, and hence it is our duty to affirm the judgment. *Martin* v. *Thayer, supra.*

*Affirmed.*