# CHARLESTON.

### WALKER *v.* MAY.

### Decided March 29, 1910.

NEW TRIAL—*Diligence.*

If good grounds for the continuance of a cause be known to a party, or his counsel, before trial, and no continuance is asked, his motion after trial to set aside the verdict and judgment based on the same facts should be denied. To entitle a party to protection in such cases he should be diligent at every stage of the proceedings.

Error to Circuit Court, Cabell County.

Action by Frank Walker against John May. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*George S. Wallace,* for plaintiff in error.

*Blackwood & Saunders* and *J. W. Perry,* for defendant in error.

MILLER, JUDGE:

The sole question for decision in this case is, did the court below err in refusing defendant a new trial?

The action is ejectment. The case was tried October 17, 1907, on defendant's plea of not guilty, and issue joined thereon, resulting in a verdict for plaintiff; and the motion of defendant for a new trial being overruled, judgment on the verdict was on the same day pronounced in favor of the plaintiff.

Afterwards, November 9, 1907, at the same term, the defendant, alleging surprise, again moved the court to set aside the verdict and award him a new trial. In support of his motion he filed his own affidavit and the affidavits of his son, Alva May, and of his attorney, M. B. Henderson.

The facts alleged in these affidavits as grounds for the motion, controverted by no counter affidavits, are: That defendant had promptly appeared on the first filing of the declaration and notice, employed counsel, and entered his plea of not guilty; that two terms of court had elapsed without trial, at each of which defendant's interests had been looked after by his said

son and attorney; that he being inexperienced in business, and residing some eighteen miles distant from the court house, had intrusted the preparation of his case for trial to his said son and attorney, and had not been advised of the setting of the case for trial, and the trial thereof on October 17, until October 19, 1907; that he has a good defense to the action, as he believes, which he wishes to make if he is granted a new trial; that at the beginning of the said October term, Blackwood, plaintiff's attorney, made an agreement with defendant's attorney, that he would have the case set down for trial, and would advise him of the date fixed, which he failed to do, and that defendant's attorney did not learn until October 15 that Blackwood, without notice, had on October 7 got the case set for trial on October 17; that Henderson first learned of this fact on going to the court house on October 15, when he at once procured subpœnas for defendant's witnesses to be issued by the clerk, and mailed to the son in care of defendant, at Salt Rock, Cabell county, West Virginia, and at the same time had addressed a letter to the son, also a material witness, at Holden, Logan county, where he knew him to be at work, informing him what he had done, advising him of the day of trial, and to go to Salt Rock at once, serve the witnesses, and bring them in on the day set for the trial. Alva May says he went to the post office at Holden every day from October 14, to 18, inclusive, and inquired for mail, but did not receive Henderson's letter until late on the morning of October 18; that had he received this letter October 15 or even on the 16th he could and would have gone to Salt Rock, gotten the witnesses and been on hand ready for trial on the day fixed. He does not produce the letter from Henderson, nor the envelope enclosing it, but says the envelope was post marked at Huntington the day he received it, showing that that letter did not leave the post office at Huntington until the day after the trial.

Henderson, though present at the trial, made no motion for a continuance. His explanation is that his client was not present, and that he was unable to put himself within the rule for a new trial. But so far as the record shows he did not call the fact of his agreement to the attention of the court, nor to counsel on the other side, nor ask for delay or a continuance on the ground of surprise, as he might and should have done.

It does not appear what became of the subpœnas for witnesses mailed by Henderson to Salt Rock, nor why defendant did not get them out of the post office and serve them, if mailed in time, except that they were addressed to his son and not to him, though in his care, and that he had intrusted the matter to the son. If the envelope enclosing the subpœnas had been produced, may it not have appeared that they also did not leave Huntington until the day after the trial? All these matters should have been clearly explained.

We do not think defendant made out a case entitling him to a new trial. He may not himself have been at fault, but his attorney we think was, in the particulars indicated, and the negligence of his attorney binds him. He should have brought his alleged agreement to the attention of the court before trial, and moved a continuance, and should not have gone to trial in the absence of his client.

We cannot see, therefore, that there was any abuse of the sound discretion of the court below in denying the defendant's motion. Neither *Simpkins* v. *White,* 43 W. Va. 200, nor our more recent case of *Varney & Evans* v. *Lumber Co.,* 64 W. Va. 417, are applicable. If his counsel had moved for a continuance the court with or without the consent of opposing counsel might have ruled in his favor, and he had no right to take the chances of a trial and afterwards when he lost, attempt to correct his error. Good practice will not permit such neglect. *Southall* v. *Exchange Bank,* 12 Grat. 312; *Gordon* v. *Harvey,* 4 Call 450. "Mistake of judgment, or want of attention or capacity of counsel, afford no just or proper grounds for granting a motion to re-open a case." *Smith* v. *Parkersburg Co-operative Ass'n,* 48 W. Va. 232.

The judgment below is therefore affirmed.

*Affirmed.*