# CHARLESTON.

EDNA F. ELLIS *v.* W. P. GORE *et al.*

(No. 5444)

Submitted March 23, 1926.   Decided March 30, 1926.

1. JUDGMENT—*Good Cause for Setting Aside Default Judgment Can Only Appear by Showing Fraud, Accident, Mistake, Surprise, or Adventitious Circumstances Beyond Control of Party, Who is Free From Neglect.*

   Point 1 of syllabus in *Post* v. *Carr*, 42 W. Va. 72, approved and applied.   (p. 275.)

   (Judgment, 34 C. J. § 515 [Anno].)

2. JUSTICES OF THE PEACE—*Where Party Summoned as Garnishee in Suit Before Justice of Peace Appears and Files Answer and is Dismissed as Garnishee, He Cannot Shelter Himself From Consequences Arising From Appeal Duly Taken by Pleading That he Had No Notice Thereof.*

   Where a party has been duly summoned as a garnishee in a suit before a justice of the peace, and makes an appearance by filing an answer thereto, and is dismissed as such garnishee by the judgment of the justice, he is charged with knowledge that an appeal will lie to such judgment, and cannot shelter himself from the consequences arising from such appeal duly taken, by pleading that he had no notice of the appeal.   (p. 279.)

HATCHER, WOODS, JUDGES, absent.

(Justices of the Peace, 35 C. J. § 464.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Logan County.

Action by Edna F. Ellis against W. P. Gore and others by notice of motion for judgment on a note.   Judgment by de-

fault for plaintiff, and to review an order refusing to set it aside and grant a new trial defendants bring error.

*Affirmed.*

*Minter & McNemar* and *Mark T. Valentine,* for plaintiffs in error.

*Chafin & Estep,* for defendants in error.

LIVELY, JUDGE:

Judgment by default having been entered against Morgan and Gore, plaintiffs in error, on January 12, 1925, they appeared later in the term on February 4, 1925, and moved the court to vacate the default judgment and award a new trial, supporting the motion by affidavits, and tendered a plea of non-assumpsit. From an order refusing to set aside the judgment and grant a new trial, Morgan and Gore obtained this writ.

It appears that Morgan and Gore being indebted to S. R. Ellis, the husband of Edna F. Ellis (defendant in error), executed to him their negotiable promissory note dated April 10, 1923, payable one year from date, with interest. About the time the note became due Morgan and Gore were summoned to appear before a justice of the peace of Mingo County and answer what amount, if any, they owed S. R. Ellis, the latter having become judgment debtor to S. E. McDonald. They did not appear in person before the justice, but sent to and filed with him their written answers saying they owed S. R. Ellis $900.00, with interest from April 10, 1923. Morgan in his affidavit says he is informed that in the trial before the justice, S. R. Ellis and Edna F. Ellis, his wife, claimed that the note had been assigned to Edna F. Ellis and that thereupon the justice dismissed the proceedings in garnishment, and that he thought that the matter was at an end so far as he and Gore were concerned, until January 12, 1925 (the day the default judgment complained of was rendered), when they were informed that McDonald had appealed the garnishment proceeding to the Circuit Court of Mingo County, where judgment was rendered against them as

debtors of S. R. Ellis, for $700.00 or $800.00. When or at what term of the Circuit Court of Mingo County this judgment on appeal was rendered does not appear. In the meantime the note having become due, Edna F. Ellis served notice on Morgan December 9, 1924, and on Gore December 5, 1924, that she would move for judgment on the note in the Circuit Court of Logan County on January 12, 1925. Affiant Morgan says that neither he nor Gore had notice of the appeal of the garnishment proceeding against them, and both thought that proceeding was at an end, and not being advised of the "legal status" of Edna F. Ellis, they thought she was entitled to sue them on this note, hence they made no defense to her action against them wherein judgment was rendered for $994.50; but had they known of the pendency of the other proceedings against them in Mingo County, they would have made defense to her suit. The affiant says defendants do not owe plaintiff the amount of the note, because as a matter of law she was incapable of buying it from her husband, S. R. Ellis, and the endorsements or assignment of the note to her by her husband is void. The note in the record is endorsed by John F. Ferrell as the last endorser. The evidence upon which the default judgment was rendered is not in the record, but the judgment recites that plaintiff proceeded to prove her claim by witnesses sworn and examined in open court.

The circuit court held the affidavit to be insufficient to show "good cause" for setting aside the default judgment under Sec. 47, Chap. 125, Code, and this is the error assigned. Did the trial court err in refusing to set aside the judgment on the showing made by the affidavit? Has "good cause" been shown? This is the sole question.

Post v. Carr, 42 W. Va. 72, and Jennings v. Wiles, 82 W. Va. 577, say that in order to establish good cause under the statute, the applicant must show fraud, accident, mistake, surprise, or some adventitious circumstance beyond his control, and free from neglect on his part. Counsel for plaintiffs in error rely upon these two cases and upon Bank v. Neal, 28 W. Va. 744; Bennett v. Jackson, 34 W. Va. 62; Bank v. Johnston, 41 W. Va. 550; Mathews v. Tyree, 53 W. Va. 298; Varney et al. v. Lumber Co., 64 W. Va. 417; Willson v. Ice, 78

W. Va. 672; and *Haller* v. *Bartlett,* 92 W. Va. 511, as authority to support their assignment of error. A brief summary of the facts and holdings of these cases will not be amiss.

In *Parkersburg National Bank* v. *Neal,* 28 W. Va. 744, which involved a judgment creditor's suit to enforce the lien of certain judgments, a commissioner to whom the cause had been referred, reported that a deed executed by the judgment debtor to defendant Stewart, was void as to the judgment creditors. After a decree had been entered confirming the report, Stewart, for the first time made an appearance and asked that the decree be set aside, stating in his petition as a reason that he supposed his interests could not be affected by any decree entered in the cause, and he was so advised by counsel. During the same term the decree was set aside in so far as it applied to Stewart. This court held that the chancellor had not abused his discretion in so ruling. No negligence could be imputed to Stewart. He had employed counsel, an officer of the court, and was relying upon his advice.

In *Bennett* v. *Jackson,* 34 W. Va. 62, "An action was brought in 1875 in the County Court. Two years thereafter it was transferred to the Circuit Court. No order except continuances was made in it after such transfer. The judge of said Circuit Court could not preside at the trial, and in 1887 the plaintiff, in the absence of the defendant and his counsel, caused a special judge to be elected; and without the knowledge of the defendant the case was tried, and a verdict and judgment rendered for the plaintiff. The defendant being notified of such judgment moved the court to set the same aside because of the facts above stated; and upon his affidavit, alleging surprise and the full payment of the debt sued on, the Circuit Court set aside the judgment and awarded the defendant a new trial. *Held* no error.''

In *Bank of Princeton* v. *Johnston,* 41 W. Va. 550, at the time the default judgment was rendered, defendant was dangerously sick, and unable to attend court. His attorney was deterred from going to the court house by reason of the prevalence of smallpox in the town wherein the court house was located. Under such circumstances it was held error to re-

fuse to set aside the judgment and allow defendant to plead. Adventitious circumstances beyond defendant's control prevented his prompt defense. There was no neglect imputable to him.

In *Post* v. *Carr*, 42 W. Va. 72, it was held that good cause was not shown by defendant Carr for setting aside the default judgment. Defendant, a resident of Zanesville, Ohio, was sued in Ohio County, West Virginia, in an action of assumpsit. After being duly served with process, he sent a letter containing a copy of the process, to his attorney at Zanesville, asking that he enter an appearance for defendant. The attorney was absent from Zanesville for about a month, and did not get defendant's letter until the day the default judgment was entered. The defendant, while spending most of his time away from his home in Zanesville, had been there on several occasions between the time he had been served with process and the date of the rendition of the judgment, but made no effort to see his attorney about the case or to enquire why he had not received a reply from his letter to the attorney. The defendant's neglect and inattention debarred him from relief.

*Mathews* v. *Tyree*, 53 W. Va. 298, was a case involving the construction of a will. It appeared from the affidavits that by reason of a misunderstanding between counsel, appellants' counsel neglected to appear and insist on a reservation of the right of impeachment, prior to the entry of the decree. It was held that under these circumstances, this court would amend the decree so as to reserve to the appellants their statutory rights to file a bill to impeach the will of their testator, otherwise by mere inadvertence of counsel appellants would be deprived of a plain statutory right.

In *Varney and Evans* v. *Hutchinson Lumber & Manufacturing Co.*, 64 W. Va. 417, we held that when defendant has employed counsel practicing in a court, though residing in another county, and defendant and his counsel have, without negligence, been misled as to the time of holding the court, by a change therein so recently made as not to have been discovered by them, and because of which the default occurred, "good cause" was shown for setting aside the default judgment.

In *Willson* v. *Ice,* 78 W. Va. 672, defendants had employed counsel to defend the case and made frequent inquiries from plaintiffs' counsel as to when the declaration would be filed, and one of the defendants testified that he had been informed by counsel for plaintiffs that the declaration would not be filed at April rules, which would not enable plaintiffs to mature the case for the May term of court, and this defendant so informed his counsel and told them that there would be no hurry about the case, as it would not be ready for trial at the May term; and in consequence of which defendants did not appear to defend the cause. This court held that the circuit court did not err in setting aside the judgment by default and permitting defendants to make a defense. Defendants were misled by the statement of opposing counsel and were lulled into security; a fraud was practiced upon them.

*Jennings* v. *Wiles,* 82 W. Va. 573, was a case in which a defendant immediately after having been served with notice of motion for judgment, employed counsel to defend the suit, and was advised by him that the notice was defective, and that he would appear for him and move to quash, and, if his motion to quash should be overruled, it would then be time to make a defense, and his counsel informed the clerk of the court of his employment and of his purpose to move to quash the notice. On the day to which the motion was returnable defendant's attorney was in the court room and remained there until the clerk had almost completed calling the docket and then by permission of the court retired to his office to keep a business engagement, and later returned to the court room during the recess hour and remained until the expiration of the time at which the court usually reconvened, when he again retired to his office, under the information and belief that the court had adjourned for the day. Later, on the same day, counsel for plaintiff appeared, and in the absence of defendant's counsel obtained a default judgment. We held that under these circumstances good cause was shown for setting aside the default judgment.

In *Haller* v. *Bartlett,* 92 W. Va. 511, a defendant within ten days after the rendition of a judgment against him, filed

with the justice a proper appeal bond and asked for an appeal to the circuit court. The justice received the bond, but did not pass upon its sufficiency until the ten days allowed for an appeal had expired, and then refused to grant an appeal. It was held that under these facts good cause was shown for not having taken the appeal within ten days, under Section 174 of Chapter 50, Code.

These cases, based on facts quite different from the case at bar, have little weight, except to accentuate the legal principle announced in the leading case of *Post* v. *Carr,* 42 W. Va. 72, above set out.

The sole ground for failure to promptly defend is that defendants below were not advised of the appeal taken by McDonald in the garnishment proceedings against them in Mingo County. They were informed that the justice had dismissed the case against them, and when sued by Edna F. Ellis as the holder of the note in due course, "not being advised as to her legal status," they made no defense, but would have done so if they had known of the pendency of the garnishment suit against them in the Circuit Court of Mingo County. It does not appear on what date the justice rendered his decision in the garnishment suit. According to the affidavit of Morgan, it was about the time the note of $900.00 became due. (The note was due April 10, 1924.) From that time until January 12, 1925, a period of about nine months, no attention was paid to the garnishment proceedings by defendants. They relied on the dismissal by the justice. A party impleaded must take cognizance of the laws governing his case. Ignorance will not excuse. The law told these defendants that the case before the justice was appealable. The dismissal by the justice did not finally release them from liability. No notice to them of this appeal was required. That they were not advised of the appeal is no excuse, for in contemplation of law they were bound to take notice of it. Could they have been heard to complain of the judgment in the Circuit Court of Mingo County in favor of McDonald, on the ground that they had no notice of his appeal. The query is answered by Black on Judgments Vol. 1 (2nd ed.), Sec. 324, page 498. They were informed of that judgment, and yet

they made no effort to set it aside for want of notice of the appeal. It would have been futile. If it was not a good reason to set aside that default judgment, it is not perceived why it should be a sound reason for setting aside the default judgment complained of here. Another fact which militates against defendants is that although they had notice of the rendition of the Mingo Circuit Court judgment on January 12, 1925 (the very day judgment was rendered against them on the same note in favor of Edna F. Ellis, the judgment complained of), they made no effort to then protect themselves against the judgment complained of but permitted the judgment to be entered. It does not appear at what hour of the day they received the information from Mingo County. It may have been after the Logan County judgment. The affidavit is not clear on that point; but it is clear that no effort was made to set it aside for good cause until the 4th of February following, when plaintiff and her witnesses, if she had any, had gone home relying on her vested right in a judgment duly obtained. It would serve no useful purpose to repeat the well known principle relating to the finality and stability of judgments and the cogent reasons which are always required for setting them aside. Evidently the trial court was not impressed with the showing made of diligence, or that defendants were free from neglect as shown by the affidavit of Morgan. The written answer to the garnishment summons, admitting defendants' liability to S. R. Ellis on a negotiable note given him was unfortunate. Had the justice rendered judgment against them on this answer, and the note had passed in due course to another, they would have been liable to judgment in favor of the innocent purchaser for value before maturity, that is, "in due course".

On the showing made we are not disposed to reverse the judgment of the circuit court. There has been no clear abuse of his discretion. This is a case at law, and under the showing now made we will not disturb the trial court's judgment, as it does not clearly appear that fraud, accident, mistake, surprise, or some adventitious circumstances over which defendants had no control, and free from neglect on their part, is now present in the case. It is a hard case, and there may

be some circumstances not shown, or some equitable reason which would give relief. On this we express no opinion, but will affirm the lower court, without prejudice to any other proceeding which plaintiffs in error may see fit to pursue.

*Affirmed.*