C. J. STANSBERRY *v.* CORA DENNISON *et al.*

(No. 6574)

Submitted May 12, 1931. Decided May 19, 1931.

*Wm. T. George,* for plaintiffs in error.
*H. J. Poling,* for defendant in error.

Woods, Judge:

Cora Dennison and C. G. Bartlett were sued jointly on a note before a justice of Barbour county in 1925. Upon an adverse judgment, Bartlett gave bond and appealed the case. Three and one-half years later a trial was had in his absence and a judgment rendered against him on a jury verdict. A few days later, and pursuant to notice duly served upon the plaintiff, Bartlett moved the court to set aside the judgment. The motion was overruled; hence this writ.

The plaintiff, the only witness in the case, testified that he was entitled to recover $130.30, principal and interest, by virtue of ownership of a certain three months note, bearing date January 17, 1917, in the amount of $75.00, on which Cora Dennison was payee and C. G. Bartlett was maker; that he obtained it from the payee for value; that the same had been lost and could not be found. The affidavit filed by Bartlett in support of his motion was to the effect that he had employed W. P. Samples of Grafton as his attorney to try the case before the justice, and that he had relied upon said attorney to notify him when said case would be tried, but that said attorney did not do so; that affiant did not know the case was to be tried or set for trial at that term of court; that the note sued on was not before the justice at the time of the trial on claim that it had been lost; that affiant has paid the note in full to the original payee; that he is not and never was indebted to the plaintiff. And, as recited in the court's order over-ruling the motion, Bartlett also filed ''the copy of judgment heretofore rendered in favor of The Peoples Bank of Philippi against C. G. Bartlett, by Chas. Lilly, a Justice of the Peace, and the order of the circuit court of Taylor County in awarding prohibition against the collection of said judgment, a copy of a note executed by C. G. Bartlett to Cora Dennison on the 16th day of January, 1917.''

On appeal from the justice's court, a case is tried *de novo*. After bond was given in the instant case, the judgment against the defendant was annulled. He had no particular interest in having the case re-tried. Before the plaintiff could collect on the alleged debt, he must first obtain a judgment.

in the circuit court. What then was the reason for the three and one-half year delay? In the case of *Bennett* v. *Jackson*, 34 W. Va. 62, this Court held: ''Where the plaintiff allows the case to sleep upon the docket for a great length of time, and, when the regular judge of the court is disqualified to try it, causes a special judge to be elected, who tries the case in the absence of the defendant, this is a sufficient ground for a new trial, as it is not the duty of the defendant to be constant in his attendance upon the court, when he knows that there can be no trial unless some proceedings out of the usual course are had in respect to the court.'' Plaintiff in the instant case not only failed to prosecute his claim with diligence, but as revealed by the judgment order, attempted to show the defendant's presence at the trial and his agreement to the jury verdict. The court, however, did correct this portion of the order. Attorney Samples seems to have represented defendant in the Taylor county proceeding. This probably accounted for his selection in the instant case.

There is nothing in the record to show that the facts alleged in the affidavit are not true. The situation presented by the record tends to support them. If the note had been lost prior to the action before the justice, why did the plaintiff put off the trial of the case? The payee might have died or left the country in the meantime and deprived plaintiff of an important witness, if the latter had received the alleged note from her for value, as set forth in his testimony. Such evidence would be particularly valuable if Bartlett intended to defend upon the ground of payment, as set out in his motion. On the other hand, had plaintiff at all times intended to rely entirely upon his own testimony, there would ordinarily be little excuse for delay. The facts set up in the petition for prohibition in the Taylor county proceeding indicate that a similar advantage was taken of defendant before the justice in that county, regardless of whether the note there was the same note declared on in the instant case. The attorney for the plaintiff in his brief makes the single statement that Samples was present in court when the case was called, and did nothing. The record, however, does not bear him out in this position. In the absence of any showing to the con-

trary, this Court is of the opinion that the action of the trial court must be reversed, the verdict set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*