DETERMINED BY THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA.

CHARLESTON.

BELL *v.* TORMEY.

Decided February 1, 1910.

1. JUDGMENT—*Default—Procedure.*
    Under Code 1906, chapter 125, section 46, the defendant not
    appearing, the plaintiff may obtain judgment either by filing
    the affidavit therein prescribed, or by proving his case, without
    such affidavit.

2 SAME—*Default—Setting Aside.*
    After judgment by default has been entered under Code 1906,
    chapter 125, section 46, it cannot be set aside, and a defense
    allowed, under section 47, without good cause shown.

Error to Circuit Court, Kanawha County.

Action by Samuel Bell and others against T. J. Tormey
and others. Judgment for defendants, and plaintiffs bring
error.

*Reversed.*

*Webb & Laidley,* for plaintiffs in error.

*E. E. Robertson* and *Littlepage, Cato & Bledsoe,* for defend-
ants in error.

BRANNON, JUDGE: .

Bell Brothers brought debt against T. J. Tormey and others
in the circuit court of Kanawha county on three negotiable

notes, and, the defendants not appearing, judgment was by the court given for the plaintiffs. At the same term one of the defendants, Hodges, appeared and had the judgment as to him set aside, as there had been no service of process upon him. Of this there is no complaint. At the same time the six other defendants appeared and tendered a counter-affidavit to that of the plaintiffs as to the amount due, and a plea of *nil debet,* and moved the court to set aside the judgment against them, and their motion was docketed and continued to the next term. At the next term the defendants filed an affidavit of E. E. Robertson in support of their motion to set aside the judgment, and the plaintiffs filed in resistance affidavits of W. S. Laidley, S. L. Webb and Samuel Bell. The court set aside the judgment, allowed the plea and counter-affidavit to be filed, and the plaintiffs bring the case here.

When a plaintiff has in due course recovered judgment by default, the defendant may, at the same term, have it set aside, not as a matter of right, but only by showing good cause. The plaintiff has by due process recovered a judgment, and has a vested property, of which he can not be deprived except by showing good cause. So say Code 1906, section 47, chapter 125, and *Post* v. *Carr,* 42 W. Va. 72.

The plaintiffs filed in the circuit court an affidavit under Code 1906, chapter 125, section 46, that a certain sum was due them in the action. In this Court this affidavit is branded as bad, and not warranting judgment, and this is urged as good cause for setting the judgment aside. No exception was made to this affidavit in the circuit court when the motion to set the judgment aside was heard. It was not suggested as cause for setting it aside, but the motion was grounded only on Robertson's affidavit, and for the first time that objection is made in this Court. If the judgment stood upon that affidavit only we should have to say whether exception to it came too late; but it is immaterial. The Code says that if such affidavit is not filed, the plaintiff must prove his case. Thus, there are two modes of getting judgment when there is no appearance by defendant, one upon such affidavit without further proof, the other by proof of the case, without the affidavit. Cast that affidavit out. The declaration alleges that defendants made the notes, and the judgment shows that the notes were given

in evidence by the plaintiffs, and considered by the court, and judgment upon such evidence. Those notes alone are evidence, all sufficient, the best evidence of the debt.

Thus, the motion must stand on Robertson's evidence. We might say that it is not sufficient, and say no more; but it amounts to this: That negotiation was going on for a compromise as is alleged. The utmost that can be said is that Robertson, as attorney for defendants, did broach a compromise to the plaintiffs, and they referred him to Webb, one of plaintiffs' attorneys. Robertson and Webb talked in a most indefinite way about it. No offer on either side. Webb and Robertson agreed to go to see Laidley, another attorney for plaintiffs, the chief one. They did not meet at Laidley's office, but he living at Charleston and Webb at St. Albans, Webb explicitly referred him to Laidley, saying that whatever he would do would be satisfactory. It does not seem that Robertson pursued the matter with any energy; but happening to meet Laidley Robertson broached the subject to Laidley, who asked Robertson what was his proposal, when Robertson offered to pay $800, when Laidley promptly said it was absurdly low, and rejected the proposition, and nothing more was said. Robertson admits this offer, and admits that Laidley rejected it. This was some time before the court at which judgment was rendered. Thus Robertson knew of the refusal to accept $800. It ended all he proposed. No other proposition was made. Laidley was justifiable in supposing that was the end of the compromise talk. The plaintiffs proposed no compromise. The defendants did, and it was the defendants' duty to follow it up. What right had Robertson, or they, to suppose that the plaintiffs would not take judgment? Was it the duty of plaintiffs to seek the defendants and ask if they still proposed a compromise? The plaintiffs never made any promise not to take judgment. Robertson does not so claim. He was asked if Webb gave him to understand that the matter would be adjusted. His answer was, "I don't remember whether he did or not." Laidley and Webb say they did not, and deny the pendency of any negotiation on their part. Their affidavits repel all idea that they led Robertson to believe that the case would stand awaiting a compromise. They deny there was any such negotiation; but, indeed, if we go by Robertson's affidavit, it

is too general, indefinite, shows no offer or suggestion by plaintiffs to compromise, or promise to delay the case. After the rejection of the only offer ever made, the defendants had no right to expect a delay in the action, and it was their duty then to defend, if any defense they had.

Therefore, we reverse the order of the circuit court made the 31st day of July, 1908, setting aside the judgment rendered on the 20th day of May, 1908, in favor of the plaintiffs against T. J. Tormey, E. E. Hedrick, P. E. Richardson, G. W. Mitchell, L. Y. Hill and P. S. Chapman, and we strike from the record the plea of *nil debet* and the counter-affidavit filed by those defendants.

*Reversed.*