# CHARLESTON.

WILLSON *et al.* v. ICE *et al.* ·

Submitted September 19, 1916. ' Decided September 26, 1916.

1. JUDGMENT—*Default—Vacation.*

   After judgment by default has been entered up in court or an order of inquiry for damages has been executed under section 46 of chapter 125 of the Code, it can not be set aside and defense to the action allowed under section 47 of that chapter without good cause shown therefor. (p. 677).

2. APPEAL AND ERROR—*New Trial—Right to—Discretion of Court—Review.*

   A motion for a new trial is always addressed to the sound dis-
   78 W. Va.

cretion of the court. It takes a stronger case, in an appellate court, to reverse an order granting, than one refusing a new trial. (p. 679).

3. JUDGMENT—*Defaults—Vacation—Propriety.*

In an action of assumpsit, where the summons was issued and served in January, returnable to February rules, and the case continued at February and March rules for want of declaration; declaration filed at April rules, and common order entered at that time; and common order confirmed at May rules and writ of inquiry issued; and judgment by default entered at May term, the judgment will not be set aside without good cause shown. In such case where the defendants, at the same term of court, moved the court to set aside the judgment and allow them to make defense to the action, and they show that before the declaration was filed they had employed counsel to defend the case and made frequent inquiries of plaintiffs' counsel as to when the declaration would be filed, and one of the defendants testified that one of plaintiffs' counsel told him that the declaration would not be filed at April rules, which would not enable plaintiffs to mature the case for the May term of court, and the defendant so informed counsel for the defendants and told him there would be no hurry about the the case, in consequence of which the defendants did not appear to defend the case, and there appears to be an honest mistake on the part of the defendants as to the status of the case and when it would be called for trial, and there is nothing in the case to indicate that the defendants were purposely attempting to delay the case, and that defendants have without negligence on their part been misled as to when the case would be called for trial, a judgment in the circuit court setting aside the judgment by default and permitting the defendants to make defense will not be reversed by this court on writ of error. (p. 679).

Error to Circuit Court, Harrison County.

Action by Walter D. Willson and another against E. Clark Ice and J. W. Trembly, doing business as the Elk Grove Realty Company. A default judgment for plaintiffs was set aside, and plaintiffs bring error.

*Affirmed.*

*John Ross, Jr.,* and *J. Philip Clifford,* for plaintiffs in error.

*Samuel T. Spears* and *Cornelius C. Davis,* for defendants in error.

MASON, JUDGE:

This is an action of assumpsit, commenced in the Circuit

'Court of Harrison County, wherein Walter D. Willson and George S. Stevenson are plaintiffs, and E. Clark Ice and J. W. Trembly, partners doing business under the firm name of Elk Grove Realty Company, are defendants.

Process was issued January 2, 1915, and returned served on defendants at February rules; the declaration was not filed, and the case was continued until March rules; at March rules the case was continued until April rules, when the declaration was filed and "common judgment" entered, and at May rules "common judgment" was confirmed and "order of inquiry" entered. The case was placed on the office judgment docket for the regular May term, and on the first day thereof, May 3, 1915, the docket was called, and defendants not appearing, plaintiffs filed their affidavit of amount due them, whereupon judgment was entered for plaintiffs for $7,646.76 with interest and costs.

June 5, 1915, the defendants made a motion to set aside said judgment, and asked for a new trial, and for permission to file their counter affidavits and plea of non-assumpsit, in support of which motion they filed the affidavits of themselves and Samuel T. Spears, and in opposition thereto plaintiffs filed the affidavits of John Ross, Jr., J. Philip Clifford and I. Wade Coffman. On consideration of said motion and affidavits, the court set aside said judgment and granted defendants a new trial, and permitted them to file their plea of non-assumpsit and their counter affidavits in which it is denied that there is anything due plaintiffs or either of them upon the demand stated in plaintiffs' declaration, to which action plaintiffs excepted.

Ice's affidavit states that about four days prior to the beginning of the May term his daughter was injured, and that on that account he ceased his business matters and remained at home for about a week, making only brief visits to his office, and on the day said judgment was taken, he was at home assisting in taking care of his daughter, and that Samuel T. Spears, an attorney, had been employed to represent defendants, but he, for reasons stated in his affidavit, failed to appear for them when judgment was taken, and that he had informed said Spears that there was no hurry about the case and

that he so informed said Spears because he had been informed by John Ross, Jr., attorney for plaintiffs, at April rules, that there was no hurry about the case, and that said Ross had told him that the declaration would not be filed at April rules.

Trembly's affidavit states that after process was served, he frequently inquired as to the filing of the declaration; that from the time said declaration was filed until the date of the said affidavit his wife was dangerously ill, and required his immediate and constant attention; that he thought counsel in Clarksburg had been employed to represent defendants in the case, and he was relying upon said Ice to attend thereto, and that on account of his wife's illness, he was unable to attend to the case or to be in court when judgment was rendered; that he did not know that court began on the third day of May, and thought nothing could be done in the case for considerable time; that said Spears was employed as attorney to represent defendants, but Spears had been informed by Ice that there was no hurry about the case as it was some time before it could be heard, and that Spears informed said Trembly that he was busy with other matters, and that Spears relying upon the information that there was no hurry about the case and that the same was being attended to by Ice and the attorney in Clarksburg, said Spears had not attended to the case and forgot that the court began on the third day of May; and that said Trembly was advised by Spears that judgment could not be taken in the case until a jury would be in attendance on the court.

Spears' affidavit states that he is a practicing attorney, and had been employed by the defendants in the case, and that a copy of said declaration was received by him on the third day of May, but that he did not appear in the case when the judgment was rendered, for reasons mentioned in said Trembly's affidavit.

Ross's affidavit states that he had a conversation with Ice subsequent to February rules relative to said declaration and then told Ice that if the declaration was not filed at March rules, it would be filed at April rules, which would be in time to mature the case for the taking of judgment therein at the regular May term of court, and that he had another conver-

sation with Ice after March rules wherein he informed Ice that the declaration would be filed at April rules, and that in another conversation with Ice, prior to April rules, he informed Ice that the declaration was being prepared and would be filed at April rules; that he observed said Ice in Clarksburg on the third and fourth days of May and at numerous times thereafter, passing about the street in his usual mood; and said Ross denies ever telling Ice that the declaration would not be filed at April rules.

Clifford's affidavit states that he observed Ice on the third and fourth days of May, in Clarksburg, and at numerous times thereafter, and that at each of said times he was apparently in the same mood in which he always observed him, and he saw said Ice near the court house on the fourth day of May.

Coffman's affidavit states that he is clerk of the said court, and in April, 1915, said Ice obtained from him a certified copy of said declaration and paid therefor.

The declaration contains the common counts and a special count alleging that defendants having sold to plaintiffs 24/32 interest in and to eighteen gas wells, for which the plaintiffs paid the sum of $6,600.00; and that defendants did "guarantee, and then and there faithfully promise the said plaintiffs, in and by a contract in writing, that said wells in this count mentioned and described, and any and all of them, would be good paying gas wells, or oil wells, and that they would pay out, as aforesaid, within a period of eighteen months, and that in the event that all of said wells would not pay out within the said period of eighteen months, the said defendants would either transfer the said plaintiffs into some other gas well or gas wells that would be beyond doubt large paying gas wells, or would refund any and all money in full with interest, within thirty days after demand to do so."

No bill of particulars is filed with the declaration in support of the common counts, but a full bill of particulars is filed in support of the special count. The judgment was doubtless based on the allegations of the special count. To entitle plaintiff to a judgment under this count, on plea of non-assumpsit, it must appear that the contract was made as al-

leged; that the wells conveyed did not pay out within the period of eighteen months mentioned in the contract; that the defendants did not and would not transfer to the plaintiffs some other gas well or gas wells, or did not refund the purchase money within thirty days after demanded to do so.

Section 46 of chapter 125 of the Code provides: "Every judgment entered in the clerk's office in a case wherein there is no order for an inquiry of damages, and every non-suit or dismission entered therein, shall, if not previously set aside, become a final judgment on the last day of the next succeeding term of the court wherein the action is pending. If the action in which such judgment is entered be one for the recovery of money arising out of contract and the plaintiff has filed with his declaration (which in all cases he may do) an affidavit stating that there is, as he verily believes due and unpaid from the defendant to him upon the demand or demands stated in the declaration, including principal and interest, after deducting all payments, credits and sets-off made by the defendant, to which he is entitled, a sum certain to be named in the affidavit, no plea shall be filed in the case either at rules or in court, unless the defendant shall file with the plea, his affidavit that there is not, as he verily believes, any sum due from him to the plaintiff upon the demand or demands stated in the plaintiff's declaration; or stating a sum certain, less than that stated in the affidavit of the plaintiff, which, as he verily believes, is all that is due from him to the plaintiff upon the demand or demands stated in the plaintiff's declaration. If such plea and affidavit be not filed, judgment shall be entered for the plaintiff by the court for the sum stated in his affidavit, with interest thereon from the date of the affidavit till paid." No such affidavit was filed with the declaration, nor was there any plea by the defendant. When the court convened on May 3rd, the case appeared on the trial docket on common order confirmed and writ of inquiry.

Section 46 further provides: "If the plaintiff has not filed such affidavit with his declaration, and the office judgment in the case be not set aside, the judgment shall not be entered by the court until the plaintiff files such affidavit or proves his case in open court." When the case was called the

plaintiffs filed an affidavit in which they say, "that there is, as they verily believe, due and unpaid from the said defend- ants to the said plaintiffs, upon the demands stated in the declaration in the case, including principal and interest to this date, after deducting all payments, credits, and sets-off made by the said defendants and to which the said defendants are in any wise entitled, the sum of $7,646.76." Upon this affidavit judgment was entered for the plaintiffs for the sum stated therein with interest from the first day of May until paid.

On the 5th day of June, (another day of the same term of court), the defendants appeared and moved the court to set aside this judgment, and in support of their motion tendered and filed the affidavits before referred to. The plaintiffs by counsel resisted the motion of defendants and filed the several affidavits controverting the facts set up in defendants' affidavits. The court sustained the motion made by defendants and set aside the judgment, to which plaintiffs excepted.

From this judgment of the court setting aside the judgment in favor of plaintiffs, the case has been brought to this court for review upon a writ of error. The sole question is, did the court err in setting aside the judgment?

The statute controlling such cases is found in section 47 of chapter 125 of the Code, and reads: "If a defendant against whom a judgment is entered in the office, whether an order for an inquiry of damages has been made therein or not, shall, before the end of the term at which it becomes final, appear and plead to issue, and shall, in the cases mentioned in the next preceding section in which an affidavit is required, file such affidavit with his plea, the judgment shall be set aside, but if the judgment has been entered up in court or the order for an inquiry of damages has been executed, it shall not be set aside without good cause be shown therefor." In the case at bar the judgment had "been entered up in court", and could not be set aside "without good cause be shown therefor." Did the defendants show good cause? The case was regularly placed on the docket and ready for trial. When called, there appeared no reason why the court should refuse to enter judgment for the plaintiffs upon their filing with their declaration the affidavit required by the statute, or prov-

ing their case in open court. The affidavit was filed, and the plaintiffs were entitled to judgment. The plaintiffs demanded their right under the law to have judgment, and it was accorded them. But the case was still in the breast of the court, and the defendants had rights which they might invoke. It was as much the duty of the court to regard the rights of the defendants as those of the plaintiffs. It was the duty of the court, on the motion of the defendants, to set aside the judgment, if good cause be shown therefor. The court was the judge of what constituted good cause. His judgment was not conclusive. It may be reviewed by the appellate court.

In the case of *Varney & Evans* v. *Hutchinson Lumber & Manufacturing Company,* 64 W. Va. 417, Judge MILLER, in delivering the opinion of the court, said: "May the judgment below be sustained because of accident, mistake, or surprise? The test to be applied is the same as on a motion for a new trial; that is, it must be made to appear that some fraud, accident, mistake, surprise or some adventitious circumstance has prevented defendant from making a defense, excusing his absence, and which prudence on his part could not have guarded against; the slightest negligence being sufficient to defeat the application. *Post* v. *Carr,* 42 W. Va. 72, 74. But while this is law it is also true that the subject of granting or refusing new trial is always addressed to the sound discretion of the court. *Wilson* v. *Kennedy,* 59 S. E. Rep. 737; *Mathews* v. *Tyree,* 53 W. Va. 298. And it takes a stronger case to justify an appellate court in reversing an order granting. than one refusing a new trial. *Reynolds* v. *Tompkins,* 23 W. Va. 229; *Martin* v. *Thayer,* 37 W. Va. 38." In the opinion in the case of *Martin* v. *Thayer,* 37 W. Va. 38, Judge ENGLISH said: "And it seems to me, from the authorities and upon sound principle, that, generally, a stronger case should be made to justify the disturbance of an order granting a new trial than where one has been refused, because in the former case the only legitimate result is another trial of the cause, at which it is to be presumed justice will be done, as near as may be; and in the latter, if the refusal be affirmed, generally the defendant is left without remedy for relief, no matter how great the injustice done him."

The question of what constitutes "good cause" in cases of this kind has been passed upon several times by this court. The question was carefully considered in the case of *Post* v. *Carr,* 42 W. Va. 72. That was an action of assumpsit brought by Post. Process was served. There was no appearance for Carr. Post proved his case, and judgment was entered for him. Carr appeared a few days afterwards and moved the court to set aside the judgment. The motion was overruled, and the case was brought to this court on writ of error. In that case the defendant was served with a copy of the summons on August 5, 1895. On August 8th, he mailed a letter containing this copy to Frank A. Durban, of Zanesville, Ohio, who for more than fifteen years had been his general counsel, asking Durban to enter an appearance for him. Durban being absent from Zanesville did not get the letter until September 6th, the day the judgment complained of was entered. Defendant's home was also in Zanesville, but being an oil operator, he was away from that place most of the time. He was at home, however, after business hours, several times between August 8, and September 6, but made no effort to see his counsel, or to ascertain whether the letter had been received, until the last named date. It appears that he was in Wheeling several times between the day of service of the summons and the date of the judgment. He paid no attention further to the case; did not get a reply to his letter to know whether he could leave his practice in Ohio to attend a case in another state, though weeks elapsed. It was held by this court that there was no error in the circuit court refusing to set aside the judgment. Judge BRANNON, in delivering the opinion of the court, said: "Carr was served with process to answer the action, and had the full time and opportunity given by law to appear at rules, and afterwards a number of days in term to present his defense; but he appeared not, but allowed a conditional judgment and order for inquiry of damages to be entered at rules, and allowed the case to be called and taken up at the next term, and the inquiry of damages to be executed, without defense. Thus, the case, by due procedure, came to an end in final judgment, and the plaintiff had a vested right in his judgment. Clearly it could not be set aside

merely on the ground that the defendant asked it, under prin-
ciples of common-law procedure, because the entry of judg-
ment discharged the plaintiff from doing further suit with his
witnesses in the case.   When we say that the record is in the
breast of the court to be changed during the term, we only
mean that proceedings not attested by it have not yet obtained
that irrevocable character which places them beyond the pow-
er of the court after the term.   We only mean that the court
can, for good reasons, and under proper circumstances, modi-
fy, set them aside, or otherwise affect them during the term.
By no means do we mean that a party who has, by due process
of law, obtained the final judgment of the law upon his cause,
can have his property in that judgment arbitrarily taken from
him at the unwarranted behest of his adversary.   But were
this not so on general principles, our statute would step in,
and cut down this power of the court, when it provides, in
section 47, chapter 125, Code, that if a defendant against
whom judgment has been entered in the office at rules may
appear at next term, and plead to issue, it may be set aside;
yet it limits this right by saying: 'But if the judgment has
been entered up in court, or the order for an inquiry of dam-
ages has been executed, it shall not be set aside without good
cause be shown therefor.'   Thus, it is very plain that good
cause must be shown, and the only question in the construc-
tion of this clause is, what is good cause under it?   We must
apply some legal test.   It is an application for new trial, and
is to be tested by principles governing application for new
trial in the same court rendering the judgment where the
case has gone to the jury undefended.   There must be fraud,
accident, surprise, mistake, or some adventitious circum-
stance preventing the party from making defense, excusing
his absence; and he must be free from culpable neglect, for
some of these circumstances must exist which prudence could
not guard against, 'and the slightest negligence will defeat
the application'.   1 Grah. & W. New Trials, 174; 3 Grah. &
W. New Trials, 881.''

The case of *Bell* v. *Tormey,* 67 W. Va. 1, was an action of
debt on negotiable notes.   Process was duly executed, and the
case matured for trial.   The defendants failed to appear.

78 W. Va.

Plaintiffs filed an affidavit and also proved their case in open court. Judgment was entered, and defendants moved to set it aside. Defendants attempted to show as reasons for not appearing, that negotiations were going on for a compromise, but they failed in this. Some time before court met, one of the defendants made an offer which was promptly refused. This ended all that proposal and no other was offered. Plaintiffs never made any promise not to take judgment. The affidavits repel all idea that the plaintiffs by any means led the defendants to believe that the case would stand awaiting a compromise. Under these circumstances this court reversed the judgment of the circuit court setting aside the judgment. These two cases well illustrate what is not in the opinion of this court good cause for setting aside a judgment, under section 47, chapter 125 of the Code.

The case of *Bank of Princeton* v. *Johnston,* 41 W. Va. 550, was assumpsit against William A. French and others. The facts and law are stated in point one of the syllabus, as follows: "In an action of assumpsit upon a negotiable note, several parties are sued. Process is only served upon one, and the suit is allowed to abate as to the others. The plaintiff files with his declaration an affidavit, under section 46 of chapter 125 of the Code, stating the amount he verily believes is due and unpaid from the defendant to him upon the demand, etc. At the next term of the court said defendant is dangerously sick, and unable to attend court. The attorney he relies on is deterred from going to the court-house on account of the prevalence of smallpox in the town where the court-house is situated. During the term, however, after judgment has been entered up against the defendant, an attorney appeared for him, and presented the affidavit of the defendant, in pursuance of the provisions of section 46, and also presented the affidavit of said defendant's physician, showing his inability to attend court, on account of sickness, and also the affidavit of another party as to defendant's attorney being deterred from attending court from smallpox, and moved the court to set aside the judgment and allow the defendant to plead. Said motion should have prevailed. The judgment of the

circuit court refusing to set aside the judgment, was reversed by this court.

In the case of *Varney & Evans* v. *Hutchinson Lumber & Manufacturing Company, supra,* the law and the facts are stated in point six of the syllabus: "A motion for a new trial is always addressed to the sound discretion of the court, and it takes a stronger case, in an appellate court, to reverse an order granting, than one refusing a new trial; and where defendant has employed counsel, practicing in the court, though residing in another county, and in good faith intends to make defense to the action, and appears to have had a good and sufficient defense thereto, but he and his counsel have, without negligence, been misled as to the time of holding the court, by a change therein made so recently as not to have been discovered by them, and because of which the default occurred, the judgment below setting aside the default judgment and permitting defendant to make defense will not be reversed here on writ of error."

The foregoing cases sufficiently illustrate the rules by which this court determines what is meant by the language "good cause" as used in section 47, chapter 125 of the Code. Every case must be decided upon its own facts. Where a defendant fails to appear and plead to issue, and judgment is entered against him, he may have the judgment set aside on motion made at the same term, but only by showing good cause. Litigants must not wilfully or negligently disregard the orderly administration of justice. We do not think that the facts disclosed by this record show that the defendants are guilty of any fault or negligence for which they should be punished by permitting a judgment against them for a large sum of money to stand without having had any opportunity to present their case to the court—without having had a day in court. There is no pretention on the part of any one that the defendants did not intend to defend the case. It is plain that their failure to do so was by some mistake. Counsel was employed to defend the case long before the declaration was filed. Frequent inquiries were made of plaintiffs' counsel as to when the declaration would be filed. There is unfortunately a misunderstanding between defendant Ice and one of the counsel as to

the filing of the declaration at April rules. Defendant Ice says that he was informed by counsel that the declaration would not be filed at April rules. In that event the case would not be matured for hearing at the May term of court. Ice says he informed the attorney for defendants of this, and told him that there was no hurry about the case. The attorney for plaintiffs denies this conversation. Without attempting to reconcile their statements it seems certain that Ice so understood it, and the effect was to mislead him. If Ice misunderstood plaintiffs' attorney and made an honest mistake, the consequences were the same. It had the effect of causing him to make no preparation for the trial, and of misinforming his attorney.

The suit was commenced in January and process was served before February rules. The case was continued at the February and March rules for want of declaration. The declaration was filed and office judgment entered at April rules, and confirmed at May rules. Both these rule days were held in April by reason of the May term beginning May 3rd. No notice was given defendants that the declaration was filed at April rules, or that a trial would be demanded at the May term of court. Although no notice may have been required by law, yet in view of the delay in filing the declaration, and the inquiries of defendants in relation thereto, it would not be unreasonable to expect it. In view of all the facts and circumstances of the case, we are of opinion that the circuit court did not err in setting aside the judgment and giving the defendants an opportunity to defend the case. The court had a discretion in the case, and we can not say that this discretion was abused in awarding a new trial. To refuse these defendants upon such technical and unsubstantial grounds the privilege of making defense to the charges made against them by the plaintiffs would be a denial of justice. The plaintiffs have invoked the aid of the court to enforce rights against the defendants, vouching for the justice of their demands, and they should be willing to submit to a full and fair trial, when not unreasonably delayed.

We affirm the judgment of the circuit court.

*Affirmed.*