# CHARLESTON.

## IVY GAINER *v.* A. D. SMITH.

### (No. 5274.)

Submitted March 30, 1926.    Decided April 6, 1926.

1. JUDGMENT—*To Set Aside Default Judgment, Complaining Party Must Show That He Has Good Defense, That Failure to Appeal Was Because of Fraud, Accident, Surprise, Mistake, or Some Adventitious Circumstance Over Which He Had No Control, and That He Was Free From Neglect in Not Making Timely Defense (Code, C. 125, § 47).*

   In order to set aside a default judgment, regularly obtained by due process of law, the party complaining must show that he has a good defense, and that his failure to appear and assert that defense was because of fraud, accident, surprise, mistake, or some adventitious circumstance over which he had no control, and that he was free from neglect in not making timely defense.    (p. 317.)

   (Judgment, 34 C. J. §§ 515 [Anno], 549, 550.)

2. SAME—*Fact That Party Was Surprised by Plaintiff's Appearing and Taking Judgment Against Defendant Without Indicating Intention to Press Claim to Final Determination, and Because of Defendant's Detention to Answer Criminal Charge, Held Not Good Cause for Setting Aside Default Judgment (Code, C. 125, § 47).*

   A case where "good cause" has not been shown for setting aside a default judgment.    (p. 317.)

LITZ, WOODS, JUDGES, absent.

   (Judgment, 34 C. J. §§ 518, 523, 535.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)
            101 W. Va.

Error to Circuit Court, Barbour County.

Assumpsit by Ivy Gainer against A. D. Smith. Default judgment for plaintiff, which by order of the court was set aside, and plaintiff brings error.

*Order reversed; judgment reinstated.*

*Wm. T. George,* for plaintiff in error.

LIVELY, JUDGE:

Plaintiff, Ivy Gainer, obtained this writ of error from an order entered in the Circuit Court of Barbour County setting aside a default judgment in her favor against A. D. Smith.

Plaintiff instituted an action of assumpsit against defendant Smith with process returnable to April rules 1923, which process was served on him February 21, 1923. On February 1, 1924, upon a writ of inquiry, a jury returned a verdict in favor of plaintiff for $3,000.00, and judgment was entered thereon Feb. 2, 1924. Defendant made no appearance until February 7, 1924, when by counsel he asked leave to file pleas of non-assumpsit and the statute of limitations, and moved the court to set aside the judgment so entered and grant him a new trial, and filed in support of this motion his two affidavits dated Feb. 5th and Feb. 7th, 1924. The plaintiff's counsel filed his counter-affidavit, accompanied by a letter of defendant dated Jan. 1, 1924, and affiant's reply thereto, dated Jan. 3, 1924, in opposition to the filing of said pleas and the granting of said motion. Whereupon, the lower court being of the opinion that defendant had shown good cause for setting aside the verdict and judgment, entered the order complained of.

In his affidavit of February 5, 1924, defendant says that he was not present in court or represented by counsel upon the trial of said action or at the time judgment was rendered against him; that although W. T. George is plaintiff's attorney of record in the instant case, he has been defendant's counsel for a number of years and is representing him in two cases now before the Circuit Court of Barbour County; that

he had written to George on Jan. 1, 1924, and from George's reply thereto, he had received the impression and information that all the cases in which affiant was interested, and especially that of Ivy Gainer v. Smith, had been continued for the term of court at which the judgment complained of was entered. Affiant further says that plaintiff has for a long time been absent from West Virginia, and her place of residence was unknown to him and to Attorney George; that although plaintiff had instituted this proceeding on February 20, 1923, she made no appearance therein until Feb. 1, 1924 and has not prosecuted her suit, although affiant appeared at each succeeding term of court since the institution of the action and has been ready for the trial thereof; that by reason of the impression received by him in respect to the continuance of this suit, he was taken by surprise; and that he has a good defense to the suit, namely, that he does not owe the plaintiff the sum charged in her declaration, and the statute of limitations.

William T. George in his counter-affidavit of Feb. 6, 1924, says that he is advised that Ivy Gainer lives at Moundsville, West Virginia; and that he is attorney of record for her in the instant case. He filed with his affidavit the letter received by him from Smith, dated Jan. 1, 1924, and a carbon copy of his reply thereto, dated Jan. 3, 1924. These letters were as follows:

> "Fairmont, W. Va.,
> Leona Court, 307, Jan. 1, 1924.
>
> Mr. Taylor George,
>
> Dear Sir:
>
> Please let me know the dates that my cases is set for also in the Huse Tomson case you have summoned J. J. Gainer, he is at Jim Ramseys, Grant Price, Wade Poling, and Joe Rennale, he is at Gage., I will pay for the summons when I come up, I live here.
>
> I saw Charlie Brandon about the papers; he said that they are in Murphy's Office, So you please get after Murphy.
>
> Yours very truly,
> A. D. Smith,"

"January 3, 1924.

Mr. A. D. Smith,
Fairmont, West Virginia.

My dear sir:

In reply to yours of January 1, 1924 beg to say, that neither your Thompson nor the Cade case will be tried at the coming term of court. I didn't know what had become of you and when the docket was set by the bar the other day, which was before I received your letter, I agreed with Mr. Ware to continue.

The Ivy Gainer case may be tried in case she appears, but it will not come up till about the last of this month or the early part of next month.

Yours very truly,"

In defendant Smith's affidavit of February 7, 1924, he says that it was impossible for him to be present at the trial of said action, because on Jan. 25, 1924, he was arrested and charged with crime in Marion County, and was placed under bond for his appearance to answer an indictment, on Feb. 1, 1924; that he appeared before the criminal court of Marion County on February 1, 1924, and was unable to leave there until Feb. 4, 1924. And that on Feb. 5th, the earliest date possible, he appeared in the Circuit Court of Barbour County, to defend the suit of Ivy Gainer v. Smith.

The controlling question presented in this case is whether "good cause" within the meaning of Sec. 47, Chap. 125, Code, has been shown for setting aside the default judgment. To furnish such "good cause" there must be "fraud, accident, surprise, mistake, or some adventitious circumstance preventing the party from making defense, excusing his absence; and he must be free from culpable neglect, for some of these circumstances must exist which prudence could not guard against, 'and the slightest negligence will defeat the application.' " *Post* v. *Carr,* 42 W. Va. 72; *Jennings* v. *Wiles,* 82 W. Va. 577; and *Ellis* v. *Gore* (handed down this term).

The good cause relied upon by defendant to have the default judgment set aside is, (1) that he was surprised by the plaintiff appearing and taking judgment—she not having given any indication that she was going to press her claim to

final determination, and also because he was under the impression by reason of George's letter, that the instant case would not be tried at the term in which the judgment was entered; and (2) the adventitious circumstance arising by reason of his detention in Marion County to answer a criminal charge.

It is clear that defendant could not have been lulled into a sense of false security by the letter of Attorney George, because he was informed therein that if Ivy Gainer appeared the case would be tried the latter part of January or the early part of February, 1924, and it was in fact tried the first part of the latter month. The letter contained nothing which could reasonably have led defendant to believe that the case would not be tried at that term of court. It is also plain that defendant was not entitled to rely upon the plaintiff's previous failure to press her claim to final judgment. He does not say that she misled him in any way or that she had abandoned her suit. "Where a defendant has been legally served with proper process, he is in court for every purpose connected with the action. It is then his duty to follow up his case, and take notice of the filing of subsequent papers in the action, such as demurrers, cross-petitions, and motions of various sorts; and he must ascertain for himself when the case is put on the calendar or docket for trial, or set down for hearing, and when it is likely to be reached. If he fails, through his own carelessness or lack of vigilant attention, to obtain notice of the various steps in the action, or of the time of trial, and consequently suffers a judgment, it will not be vacated merely on that ground." Black on Judgments, Vol. 1 (2nd ed.) Sec. 324, page 498. See also *Ellis* v. *Gore* (handed down this term).

The defendant's detention in Marion County to answer an indictment, may have been such an adventitious circumstance as to excuse his personal absence from the trial before the Barbour County Circuit Court, but this fact alone does not purge his apparent neglect to protect himself from the judgment complained of. He had been served with a summons in February, 1923, and was then in court for every purpose connected with his case, and was chargeable with notice

(supplemented by actual notice from George) that it might be tried during the January, 1924 term. He had ample time and opportunity to make some preparation for the trial, from the day he received George's letter until the day of trial—nearly a month—and it was incumbent upon him during that time to get ready for his defense; and his arrest and required appearance in the Circuit Court of Marion County on the 1st day of February, 1924, would impel a prudent person to take steps to protect himself against pending litigation in the Barbour County Circuit Court while being thus detained. The fact that he gave a bond on January 25th did not impel absence from Barbour County in the interim of his appearance in discharge of the bond. He knew, or ought to have known, that by reason of his enforced presence in Marion County his interest in the suit in Barbour County was in jeopardy. It is reasonably clear that he did not act prudently and was careless to such a degree that his "good cause" for a new trial failed.

We are not unmindful of the rule that the granting or refusing of a new trial is addressed to the sound discretion of the trial court; and that it takes a stronger case to justify an appellate court in reversing an order granting, than one refusing a new trial. *Willson* v. *Ice,* 78 W. Va. 672. But that discretion is a legal discretion guided and controlled in its exercise by fixed legal principals, one of which is that a party seeking to establish "good cause" for setting aside a default judgment must show that he is free from neglect in making a timely defense to the judgment complained of. This, the defendant Smith has not done. It may be that he has a good defense to plaintiff's action, but we are not concerned with that, for no matter how perfect or absolute the defense may be, it must be interposed within the time and in the manner prescribed by law. The finality and stability of judgments demand that this be so.

The order setting aside the judgment of February 2, 1924, is reversed and annulled; and the said judgment is reinstated.

*Order reversed; judgment reinstated.*