STATE *ex rel.* W. E. ALKIRE *v.* TONI MILI *et al.*

(No. 8058)

Submitted May 7, 1935. Decided May 21, 1935.

*Wm. T. George,* for plaintiff in error.
*E. Wayne Talbott,* for defendants in error.

MAXWELL, JUDGE:

This is a writ of error to an order of the circuit court of Barbour County setting aside a judgment which had been rendered at the same term.

The matter was first heard before a justice of the peace who rendered judgment for $300.00, interest and costs, in favor of the plaintiff, State of West Virginia at the relation of W. E. Alkire, against the defendants, Toni Mili and Louie Picalo. The defendants took an appeal to the circuit court October 20, 1930. The matter there lay dormant until January 29, 1934, when a judgment by default was rendered in favor of plaintiff against the said defendants and Tona Petite, surety on their appeal bond, for $359.40, in full of the claim with costs and damages. A few days later, on motion of Mili and Picalo, the court set aside the judgment.

The grounds urged by the defendants to support the motion to vacate the judgment were that at the time of trial there was no court file of papers available (evidently the same had been mislaid or lost) ; that Toni Mili, the principal defendant, charged with the responsibility of the defense, was ill at the date of the trial and had been ill for a few days prior thereto, and because of his illness "he had not had opportunity to employ counsel to represent him in said action, but had intended to do so on the day of the trial had he been able to have been here."

The absence of the court file at the trial was not of serious consequence in view of the showing of the record that there was then filed in court a certified transcript of the record of the justice of the peace in respect of the proceedings before him. Whether defense was made before the justice does not appear from the transcript. No plea was entered. The circuit court heard the matter without a jury. Code 1931, 56-6-11.

Was the ground of illness urged by the defendants sufficient? We think not. While it is true that in an appellate court it requires a stronger showing to reverse an order granting, than one refusing a new trial (a proposition here relied on by defendants), such principle is not applicable where there is a judgment. On such consummation, the rights of the creditor extend far beyond mere matter of procedure prior to judgment. A judgment constitutes a property right, and can not be destroyed by vacation except for good cause—legal justification.

Our statute which deals with the matter of setting aside judgments is Code 1931, 56-4-52. It provides that at the same term at which a judgment was rendered it may be set aside for good cause. A showing of "fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from neglect on his part," will constitute such good cause, but nothing less will suffice. *Post v. Carr*, 42 W. Va. 72, 24 S. E. 583; *Gainer v. Smith*, 101 W. Va. 314, 132 S. E. 744.

The defendants, Mili and Picalo, took the case on appeal to the circuit court. Its pendency there was due wholly to their initiative. After the case reached the circuit court, the

said parties apparently gave no attention to it for more than three years, and not until after judgment had there been rendered against them. Litigants may not be thus neglectful of court proceedings in which they are interested and then successfully complain of an adverse decision. Slightest negligence will defeat a motion to set aside a default judgment. *Post* v. *Carr, supra; Gainer* v. *Smith, supra; Hill* v. *Long,* 107 W. Va. 664, 150 S. E. 6.

In his affidavit to support the motion to vacate the judgment, Toni Mili stated that he had been sick for a few days prior to the date the judgment was taken, and on that date. His temporary indisposition was, of course, in nowise responsible for his having neglected for more than three years to employ counsel to attend his cause. Considering the long lapse of time, Mili's statement that "he had not had opportunity to employ counsel to represent him in said action" is not persuasive.

An essential condition for setting aside a default judgment is that there be a showing that the movant has good defense to the action. *Gainer* v. *Smith, supra.* We have dealt with the other features of this case as though such showing were made. As a matter of fact it was not. If there were good defense, this requirement probably could have been met by supplemental affidavit; hence we have given other points primary consideration. Though Mili avers he has a good defense, he does not indicate its character. That is not a sufficient showing. More definiteness is required. "An affidavit of merits is not sufficient when a party merely makes a general statement that he has a good defense to the action, but the necessary facts must be averred." 15 Ruling Case Law, p. 718. In point: I Freeman on Judgments (5th Ed.), sec. 283; 1 Black on Judgments (2d Ed.), sec. 347; 34 Corpus Juris, p. 335. Analogous: *Robinson* v. *Braiden,* 44 W. Va. 183, syl. 6 (chancery), 28 S. E. 798.

From these considerations, we are of opinion that the order of the circuit court vacating the judgment should be set aside and held for naught.

*Reversed; judgment reinstated.*