HARRY BLACK *v.* MIKE FOLEY

(No. 8295)

Submitted April 14, 1936.   Decided May 26, 1936.

*A. J. Barnhart,* for plaintiff in error.
*B. T. Clayton,* for defendant in error.

LITZ, JUDGE:

This writ of error involves the action of the circuit court of Putnam County in overruling the motion of defendant, Mike Foley, to set aside a verdict against him in favor of plaintiff, Harry Black, in an action tried April 8, 1935, on appeal from a justice in the absence of defendant and his counsel.

The case, with others, including a number of criminal cases, was set for trial April 8, 1935. According to the affidavits of A. J. Barnhart, attorney for defendant, and Austin M. Sikes, official court reporter, filed in support of the motion, Barnhart, who had been in attendance of the court on that day, after the noon hour, approached B. T. Clayton, counsel for plaintiff and prosecuting attor-

ney of Putnam County, and who was then conducting the trial of a felony case, and inquired of Clayton when this case would be reached for trial; that Clayton replied there would be two more felony cases tried after the case on trial had been completed before the civil case was called; that thereupon Barnhart advised Clayton he was leaving for Charleston, but would return the following morning. The case was called and tried sometime during the afternoon session in the absence of defendant and his counsel. Upon consideration of these affidavits and the affidavit of C. E. Copen, that he had been informed and believed all of the civil cases on the docket had been previously continued to the next term of court, the motion of defendant was overruled by order entered April 11, 1935. By an *ex parte* order, entered in the absence of defendant and his counsel, April 13, 1935, the affidavits of Clayton, the plaintiff and others were permitted to be filed on behalf of the plaintiff "for the benefit of the record and to aid the court in this case upon application for a writ of error." These affidavits show that Barnhart had stated, on the day of trial before returning to Charleston, that he did not intend to try the case at that term of court; and that in the conversation between him and Clayton (referred to in the affidavits of Barnhart and Sikes), Clayton insisted on Barnhart remaining in court, stating to Barnhart that he intended to press for trial of the case as soon as it was reached.

The affidavits filed *ex parte* on behalf of plaintiff, not having been in existence at the time the trial court overruled the motion to set aside the verdict, cannot be considered on this writ of error. Being of opinion that counsel for defendant was misled by the alleged statements of counsel for plaintiff and for that reason was not in court at the time the case was called for trial, we are of opinion to reverse the judgment of the circuit court. A default judgment should be set aside, upon timely motion of defendant, where the defendant and his counsel were absent at the trial because of a misunderstanding between the latter and counsel for plaintiff.

*Wilson* v. *Ice*, 78 W. Va. 672, 90 S. E. 272; 34 C. J. 313; Freeman on Judgments, p. 466.

There was no showing on the motion to set aside the verdict of any defense to the action. Plaintiff contends that the motion, for that reason, was properly overruled. The general rule governing a motion to set aside a default judgment, as stated in the Syllabus of *State ex rel. Alkire* v. *Mili,* 116 W. Va. 277, 180 S. E. 183, follows: " 'In order to set aside a default judgment, regularly obtained by due process of law, the party complaining must show that he has a good defense, and that his failure to appear and assert that defense was because of fraud, accident, surprise mistake, or some adventitious circumstances over which he had no control, and that he was free from neglect in not making timely defense.' *Gainer* v. *Smith,* 101 W. Va. 314, 132 S. E. 744." There is a well recognized exception to the rule in a case where the default is due to misapprehension or mistake occasioned by an act or statement of the plaintiff or his attorney. "As has been seen, the rule as to merits (requiring a showing on the merits in support of a motion to set aside a verdict) is not inflexible and generally depends upon whether relief is a matter of right or of discretion. Exceptions have occasionally been made, however, which are not explainable on this ground and which perhaps would not be followed elsewhere. Thus it has been held that a default obtained through misapprehension or mistake occasioned by the act of the plaintiff or his attorneys will be set aside without a showing of merits." 1 Freeman on Judgments, 556, sec. 282.

The judgment of the circuit court is reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*