GEORGE S. ARNOLD, *Receiver, etc. v.* E. B. REYNOLDS, *et al.*

(No. 8693)

Submitted January 31, 1939. Decided February 21, 1939.

*William MacDonald,* for plaintiffs in error.
*Harry K. Drane,* for defendant in error.

RILEY, JUDGE:

The defendants, E. B. Reynolds and Mary R. Reynolds, prosecute this writ of error to a judgment of the circuit court of Mineral County overruling their motion to set aside a default judgment and permit the filing of a demurrer to plaintiff's notice of motion for judgment.

The plaintiff, George S. Arnold, Receiver of the First National Bank of Keyser, caused a notice of motion for judgment on a note in the principal amount of $700.00 to be served on the defendants, returnable August 4, 1937, at the July term of the circuit court. To it the statutory affidavit of claim was attached. On the return day, neither the defendants nor their counsel appeared, and the defendants having been called thrice in open court, judgment was entered against them in the amount of $850.98, with interest and costs. On the following day, defendants' counsel appeared and moved the court to set aside the judgment. In support of this motion, William Mac-Donald, Esq., who alone was counsel for defendants in the trial court, presented to the court his affidavit reciting that he had inquired of the clerk as to whether there would be any court on August 4, 1937, and had made the same inquiry of the sheriff; that he was assured by the clerk and the sheriff that the judge would not hold court for any matters except to take testimony in a divorce suit; and that "defendants would present a defense" and now insist upon a jury trial. At the same time, a demurrer on behalf of the defendants was tendered to the court. Later in the term, August 16th, the court entered

an order filing the affidavit and overruling defendants' motions to set aside the judgment and permit the filing of a demurrer. This order recites simply that "the court does not deem there to be sufficient reason given for the setting aside of the judgment rendered therein."

The affidavit, while reciting the circumstances which counsel claim prevailed upon him not to appear on the return day in defense of the notice of motion for judgment, does not specify any ground of defense. No plea or counter-affidavit was filed.

Defendants' counsel assert that MacDonald failed to appear because of accident, mistake, surprise and adventitious circumstances beyond defendants' control. Evidently reliance is had upon the rule contained in point 1, syllabus, *Post* v. *Carr*, 42 W. Va. 72, 24 S. E. 583: "After judgment by default has been entered up in court, or an order of inquiry of damages has been executed, under section 46, chapter 125, code, it cannot be set aside, and a defense to the action be allowed, under section 47, without good cause being shown therefor; and such good cause can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from neglect on his part." The general rule, however, is that a complaining judgment debtor, in order to have set aside a default judgment, must show, in addition to sufficient grounds for his failure to appear and interpose a defense, that he actually had a good defense to the action. In *Gainer* v. *Smith*, 101 W. Va. 314, 132 S. E. 744, point 1, syllabus, this Court said: "In order to set aside a default judgment, regularly obtained by due process of law, the *party complaining must show that he has a good defense,* and that his failure to appear and assert that defense was because of fraud, accident, surprise, mistake, or some adventitious circumstance over which he had no control, and that he was free from neglect in not making timely defense." (Italics supplied.) The same rule was followed in *Black* v. *Foley*, 117 W. Va. 490, 185 S. E. 902, and *State ex rel. Alkire* v. *Mili*, 116 W. Va. 277, 180 S. E. 183. See also,

*Robinson* v. *Braiden,* 44 W. Va. 183, 28 S. E. 798. Here, the affidavit in support of defendants' motion does not in any way indicate any ground of defense.

Defendants' counsel rely upon *Black* v. *Foley, supra,* and *Willson* v. *Ice,* 78 W. Va. 672, 90 S. E. 272. Both cases represent the following exception to the general rule: Where a defendant or his counsel, by a misunderstanding had with a plaintiff or his counsel, is led to believe that a case will not be heard or tried on a return day, it becomes unnecessary to show a good defense. In *Willson* v. *Ice, supra,* the affidavits in support of the motion, though not disclosing any grounds of defense, show that defendants had inquired of plaintiff's counsel when the declaration would be filed and were informed that it would not be filed at April Rules, in which event the case would not have matured at the term the default judgment was had. In *Black* v. *Foley,* misunderstanding was had between counsel for the parties and there the exception to the general rule was invoked, and rightfully so. See also, *Sigmond* v. *Forbes,* 110 W. Va. 442, 158 S. E. 677; 1 Freeman, Judgments (5th Ed.), sec. 282; *First National Bank of Newton* v. *Federal Reserve Bank,* 210 Iowa 521, 231 N. W. 453, 69 A. L. R. 1329, and note. These cases, though not strictly in point either in fact or principle, indicate the general rule is not adamant.

Though there is no misunderstanding between the parties or their counsel, it does not follow necessarily that there should be applied to the instant case the general rule that grounds of defense be specified.

The granting of a motion to set aside a default judgment entered during the same term of court resides within the court's sound discretion. That is, to use the wording in the case of *Stannard et al.* v. *Delmar Coal Company,* 110 W. Va. 560, 158 S. E. 907, it remains within "the breast of the court." This discretion in no case should be arbitrary or capricious. Always the exercise of judicial discretion must be free from such qualities. In fact, arbitrary or capricious actions and judicial discretion cannot co-exist. In this case, on the return day and

before the time specified in the notice, defendants' counsel, MacDonald, personally inquired of the clerk of the court and the sheriff whether the court would hear cases that day. For some reason, the record not disclosing bad faith, the clerk informed counsel that the court was sitting only for the purpose of hearing a divorce case. In thus making inquiry of the clerk, MacDonald went to the official who, under the circumstances, should have been the most reliable source of information. Thus he was lulled into a sense of security, as counsel were in the cases of *Black* v. *Foley, supra,* and *Willson* v. *Ice, supra.* In making this observation, we are not unaware of the case of *Sands* v. *Sands,* 103 W. Va. 701, 138 S. E. 463. There, the affidavits in support of the motion to set aside the default decree state that defendants' counsel in the trial court, upon inquiry at the clerk's office, was misinformed as to the filing of a bill of complaint. These affidavits were opposed by the affidavits of the clerk and one of plaintiff's counsel to the effect that the bill had been filed and matured; that all rules had been taken up on the bill and entered in the rule book; that it was never removed from the clerk's office until after defendants' counsel claimed he made the inquiry; and that it is improbable that any request or inquiry had been made at the clerk's office prior to the entry of the final decree. The factual doubt thus created by the conflicting affidavits was solved in plaintiff's favor in the bright and sustaining light of the records of the clerk's office. In the case at bar, the affidavit was without counter or rebuttal. The clerk being part and parcel of the machinery of the circuit court, it was entirely reasonable and untainted with "the slightest negligence" as suggested in *Gainer* v. *Smith, supra,* for plaintiff's counsel to make no further inquiry. Under all the circumstances, we are of opinion that the trial court, in the exercise of the sound discretion vested in him, should have set aside the default judgment.

Several affidavits in support of defendants' motion are filed with the record. These affidavits were not presented coincident with the motion or the court's ruling thereon.

They cannot receive consideration here. *Black* v. *Foley, supra.*

The order of the circuit court in overruling the motion to set aside the default judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*