IRMA BAKER *v.* W. F. GASKINS *et al.*

(No. 9745)

Submitted January 15, 1946. Decided February 12, 1946.

*L. W. Chapman* and *P. M. Ireland*, for plaintiff in error.

HAYMOND, JUDGE:

This case is here on writ of error to an order of the Circuit Court of Doddridge County entered April 16, 1945, which vacated, set aside and annulled a judgment rendered by that court, in favor of the plaintiff, for $278.40, with interest and costs, on April 4, 1945, a former day of the same regular term of the court.

Twice previously this action has been reviewed by this Court. The first writ of error, by which the plaintiff sought to reverse an order of the trial court rendering judgment for costs alone in favor of the defendants, was dismissed, as having been improvidently awarded, for

the reason that, though there was a directed verdict for the defendants, no judgment was entered by which the matters in difference between the parties were adjudicated. *Baker* v. *Gaskins*, 124 W. Va. 69, 19 S. E. 2d 92. Thereafter a second trial was had in the Circuit Court which resulted in a directed verdict in favor of the defendants, upon which a final judgment was entered. Upon the second writ of error to this Court, that judgment was reversed, the verdict was set aside, and a new trial was awarded for reasons stated in the opinion. *Baker* v. *Gaskins*, 125 W. Va. 326, 24 S. E. 2d 277.

The action originated before a justice of the peace and it is based upon a note in the principal sum of $132.00, dated October 8, 1926, payable to the plaintiff and signed by the defendants, W. F. Gaskins, E. A. Baker and Charles E. Baker, as makers. The defendants had been partners in a restaurant business which had been conducted in a lunch wagon owned by them in West Union, Doddridge County, West Virginia. Charles E. Baker, the husband of the plaintiff, and E. A. Baker are brothers. At the time the action was instituted on November 12, 1940, the plaintiff and her husband were living in Ohio and he was not served with process and has never made any appearance in the case, which has been prosecuted against the other two defendants. The note upon which the plaintiff bases her claim represents wages owed by the defendants to the plaintiff for her services while working for them at the lunch wagon for a period of eleven weeks at the weekly rate of $12.00. By its terms the note is to be paid in full when complete settlement is made of the lunch wagon business. The defendants sold the lunch wagon in 1938, thereafter disposed of substantially all the property and the assets of the partnership, and, for a period of years, made no effort to settle the partnership accounts until after demand for payment was made by the plaintiff. Upon the foregoing material facts, here merely summarized, which are fully detailed and discussed in its opinion, this Court, in its second review of the case, construed the terms of

the note relative to the time of payment to require payment by the makers on demand after a reasonable time, reversed the judgment in favor of the defendants, and remanded the case for a new trial.

This action was again placed upon the docket of the Circuit Court of Doddridge County. On August 3, 1943, the plaintiff, by L. W. Chapman, her attorney, and the defendant, W. F. Gaskins, by P. Douglass Farr, his attorney, appeared in the case and informed the court that they had agreed that the action be placed on the docket at the head of the list of civil actions pending upon appeal, for the purpose of having a definite date set for the trial at the next regular term of the court, provided that the parties should then be ready for trial. The court approved the foregoing arrangement and entered an order which carried it into effect. Between the August, 1943, and the April, 1945, terms of the court, no action was taken in the case by any party. In the interim, Mr. Farr, the attorney for the defendant, W. F. Gaskins, entered the military service of the United States on November 27, 1943, and on December 9, 1943, by order of the court, he was granted a leave of absence for an indefinite period. He was still in the military service and consequently absent from his practice when the order of April 16, 1945, which is here under attack, was entered.

On April 4, 1945, which appears to have been the second day of the regular April, 1945, term of the Circuit Court, the plaintiff, by her attorney, appeared and moved for trial of the case. The defendants, W. F. Gaskins and E. A. Baker, who had formerly appeared and made defense to the action, were not present in person or by counsel. They were thrice called at the bar of the court and, the defendants still not appearing, the plaintiff waived a jury, and the action was tried by the court in lieu of a jury. Upon the evidence introduced in behalf of the plaintiff, judgment was rendered in favor of the plaintiff and against the defendants W. F. Gaskins and E. A. Baker for $278.40, with interest and costs. Later

in the same term of court, on April 16, 1945, the defendant, W. F. Gaskins, appeared and moved the court to set aside the foregoing judgment. No grounds were specified in the motion, which was in writing, but the defendant, Gaskins, filed his supporting affidavit. This affidavit, after detailing some of the former proceedings in the case, urged as reasons for vacating the judgment of April 4, 1945: the agreement of August 3, 1943, already referred to, relative to the trial of the case at the next ensuing regular term of court, if the parties should then be ready for trial; the continuous absence of his attorney, Mr. Farr, in the military service, from November 27, 1943, to the date of the filing of the affidavit, as a consequence of which the affiant was without the services of any attorney; the lack of any notice or information by the affiant of any intention upon the part of the plaintiff to call the case for trial on April 4, 1945; and the absence of any knowledge by him of the existence of the judgment until several days after its entry. The plaintiff appeared and resisted the motion; but the court, on April 16, 1945, over her objection, granted the motion of the defendant, Gaskins, and, by order entered of record, set aside the judgment of April 4, 1945.

The action of the trial court in hearing the case and in entering judgment in favor of the plaintiff at the April, 1945, term was regular in all respects and was fully justified in the circumstances disclosed by the record. The plaintiff, having instituted this action before a justice of the peace, had the right, upon appeal to the Circuit Court, to waive the jury and, in the absence of a demand by the defendants of trial by a jury, to have the case heard and determined by the court in lieu of a jury. Code, 50-15-9; *Lambert* v. *Inter-Urban Motor Company*, 99 W. Va. 135, 128 S. E. 81. The agreement, recognized by the court on August 3, 1943, in substance, merely placed the case at the head of the list of civil actions pending upon appeal and continued the trial until the next regular term of the court. To give it the effect of a continuing agreement that the trial of the case should

be postponed indefinitely at each successive regular term of the court until all the parties were ready for trial would authorize an unlimited delay in disposing of the case wholly at variance with the policy of the law which favors the speedy termination of actions appealed from justices of the peace and thoroughly inconsistent with the obvious intention of the parties, at the time of the arrangement, to bring the case to trial at the next regular term of the court. The real purpose of the agreement was to have the case definitely set for trial at the next regular term of the court subject to established and well recognized rules of procedure governing the continuance of such actions. It did not have the effect of relieving either party of the obligation to be ready for trial or to satisfy the requirements for a continuance at the next or any subsequent regular term of the court.

None of the defendants has filed any brief or made any appearance in this Court. The plaintiff attacks the order of April 16, 1945, on the single ground that the trial court committed error in vacating the judgment which had been regularly rendered in her favor on April 4, 1945. In support of that contention she asserts, in her brief, that no showing of good cause exists to warrant or support the action of the Circuit Court in granting the motion to vacate, and in vacating, the judgment.

Courts may not lightly regard their own judgments. When a case, by due procedure, comes to an end in a final judgment, the person in whose favor the judgment is rendered obtains a vested right in such judgment. *Post v. Carr*, 42 W. Va. 72, 24 S. E. 583. As a general rule, subject to certain exceptions which do not here apply, a court can not modify or vacate its final judgment after the adjournment of the term at which it is rendered. *Helm v. Greenbrier Valley Cold Storage Co.*, 65 W. Va. 203, 63 S. E. 1089; *Barbour County Court v. O'Neal*, 42 W. Va. 295, 26 S. E. 182. The requirements are not so strict with regard to the vacation or the modification by courts of their final judgments during the term at which they are entered; but even as to those judgments the

exercise of the power to modify or vacate must not be arbitrary or capricious. It is limited by judicial discretion which is subject to review. *Arnold* v. *Reynolds,* 121 W. Va. 91, 2 S. E. 2d·433.

In this jurisdiction the principle is firmly established that a final judgment will not be set aside or altered during the term at which it has been rendered in the absence of a showing of good cause for such action. This Court has held repeatedly that good cause, justifying the vacation by a court of a final judgment during the same term at which it was entered, requires a showing, by the person seeking to vacate such judgment, that fraud, accident, mistake, surprise or some other adventitious circumstance, beyond his control and free from his neglect, occurred which prevented him from making timely defense against the entry of the adverse judgment. *Hill* v. *Long,* 107 W. Va. 664, 150 S. E. 6; *Sands* v. *Sands,* 103 W. Va. 701, 138 S. E. 463; *Gainer* v. *Smith,* 101 W. Va. 314, 132 S. E. 744; *Bell* v. *Tormey,* 67 W. Va. 1, 67 S. E. 1086; *Wilson* v. *Kennedy,* 63 W. Va. 1, 59 S. E. 736; *Post* v. *Carr,* 42 W. Va. 72, 24 S. E. 583.

In this case the defendants have not met or satisfied the requirement of showing good cause. No excuse is offered for the failure of either defendant to obtain the services of another attorney to act in the known and thoroughly justified absence of the attorney who formerly represented the defendant Gaskins and who, within their knowledge, because of his military service, had been, for nearly two years before the trial and still was, at the time of the trial, unable to appear in the defense of the case. No reason is advanced for the failure of the defendants to employ another attorney to represent them in the action. Absence of counsel is rarely grounds for a new trial. *Post* v. *Carr,* 42 W. Va. 72, 24 S. E. 583.

No sufficient explanation is offered for their lack of information that the case would be, or was, called for trial on April 4, 1945. The defendants knew that the case which they had defended, once before the justice and

434

twice in the Circuit Court, was pending undisposed of and subject to trial at any regular term of the court after August 3, 1943, when the defendant Gaskins, through his attorney, agreed that it should be placed at the head of the list of such actions and set for trial at the next regular term. And both defendants were by law charged with knowledge of the time of the holding of such term and of all subsequent regular terms of the court.

The record fails to disclose that there was any contention by the defendants in the trial court, and no such contention is made here, that either defendant was in any way misled by the arrangement of August 3, 1943, or that they were lulled, by any act of the plaintiff or her attorney, into the belief that the case would not be set for trial or tried, during the absence of Mr. Farr. The exercise of diligence by either defendant in his own behalf would have made both of them fully aware of the status of the case and caused them seasonably to secure the services of another attorney in circumstances which would have enabled him to prepare and present their defense at any time during the April, 1945, term of the court. In this situation they chose to do nothing and they can not now complain that they were absent and without the aid of an attorney when final judgment, in their absence, was entered against them. The default of the defendants in this respect should not be opened on light grounds. Due to their failure to show good cause for setting aside the judgment rendered on April 4, 1945, the court should have denied the motion of the defendant Gaskins to vacate the judgment; and its action in setting aside the judgment in favor of the plaintiff was error calling for reversal.

The order of the Circuit Court of Doddridge County entered April 16, 1945, is set aside and this action is remanded to that court with directions to reinstate its judgment of April 4, 1945.

*Reversed and remanded with directions to reinstate judgment.*