MITCHELL PLUMLEY

*v.*

RALPH MAY

(No. 10708)

Submitted April 26, 1955. Decided May 24, 1955.

*Scherer, Bowers & File, W. H. File, Jr.*, for plaintiff in error.

*G. Berk Lynch, Sayre, Lynch & Henderson*, for defendant in error.

GIVEN, JUDGE:

Involved in this case is the question whether "good cause" has been shown by the defendant Ralph May for the setting aside of a default judgment for five thousand dollars, entered by the Circuit Court of Raleigh County, in favor of the plaintiff, Mitchell Plumley, as permitted by Code, 56-4-52. The circuit court denied the motion of May to set aside the judgment. This Court granted this writ of error.

The claim for damages upon which the action was based grew out of a collision, between a pick-up truck owned

and driven by plaintiff and a tractor truck owned by May, on a public road near Beckley. The tractor truck was, at the time of the collision, being operated by Palmer Chambers, an employee of May. The default judgment was against both May and Chambers, who were residents of Florida. The trial court set aside the default judgment as to Chambers, for reasons immaterial here. Service of process was had upon defendants under the non-resident motorist statute, Code, 56-3-31. May concedes the service of process to be valid. After accepting service of process, the Auditor of the State of West Virginia, by registered mail, forwarded the process against May, addressed to him at his place of residence at Winter Haven, Florida. At the time the registered letter was received at the post office at Winter Haven, May was in California on an extended business trip. His wife, and their two children, ages nine and five, were also away from the home at Winter Haven. The wife, with the children, returned to the home sometime before the return of May from California. On the return of the wife, she found in the family mail box notices from the post office of the fact that the registered letter addressed to May and the registered letter addressed to Chambers were being held for delivery. She later appeared at the post office, signed the return receipts, received the registered letters, and placed them on a table in the reception hall of her home, without opening them. What happened to the letters thereafter is not known. The wife believes that they were inadvertently destroyed by the maid in cleaning, or by one or the other of her children.

The collision occurred on the 25th day of April, 1953. The plaintiff instituted his action on the 19th day of September, 1953. The registered letters were delivered to the wife on the 1st day of October, 1953. The default judgment was entered December 18, 1953. The defendant May returned to his home about October 15 or 16, 1953, which was about two weeks subsequent to the date the registered letters were received by his wife. Upon his arrival, he was informed of the receipt of the letters and

of the fact that they were from West Virginia, but it seems certain that neither the defendant nor the wife had any actual knowledge of the contents of either of the letters prior to the time of the entry of the default judgment. The defendant made inquiry of each person employed by him as a truck driver, including Chambers, each of whom denied any knowledge of any collision involving any truck driven by him in West Virginia. The defendant denied any actual knowledge of the collision between the vehicles of plaintiff and defendant, and testified to the effect that he believed the registered letters probably related to some charge or debt created by some one of the truck drivers employed by him. It appears certain that the defendant May had no actual knowledge of the institution or pendency of the action or of the collision until after the entry of the default judgment. Upon receipt of information as to the entry of the default judgment, May promptly moved the court to set it aside. This motion was made at the term of court at which the default judgment was entered.

Code, 56-4-52, makes provision for the setting aside of default judgments, and authorizes and empowers the court to set aside such a judgment only if "good cause be shown therefor". In *Post v. Carr*, 42 W. Va. 72, 24 S. E. 583, this Court held: "After judgment by default has been entered up in court, or an order of inquiry of damages has been executed, under section 46, chapter 125, Code, it can not be set aside, and a defense to the action be allowed, under section 47, without good cause being shown therefor; and such good cause can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from neglect on his part." In *Ellis v. Gore*, 101 W. Va. 273, 132 S. E. 741, holdings in prior cases considering the questions involved were reviewed and discussed. Later decisions are: *Reed v. Higginbotham*, 129 W. Va. 707, 41 S. E. 2d 668; *Baker v. Gaskins*, 128 W. Va. 427, 36 S. E. 2d 893; *Winona National Bank v. Fridley*, 122 W. Va. 479, 10 S. E. 2d 907; *Arnold v. Reynolds*, 121 W. Va. 91, 2 S. E. 2d

433; *Black* v. *Foley,* 117 W. Va. 490, 185 S. E. 902; *Alkire* v. *Mili,* 116 W. Va. 277, 180 S. E. 183; *Sigmond* v. *Forbes,* 110 W. Va. 442, 158 S. E. 677; *Parsons* v. *Parsons,* 102 W. Va. 394, 135 S. E. 228; *Gainer* v. *Smith,* 101 W. Va. 314, 132 S. E. 744. In *Rollins* v. *North River Insurance Co.,* 107 W. Va. 602, 149 S. E. 838, this Court held: "An adventitious circumstance which may afford good cause for setting aside a default judgment is one which is unusual, unexpected, beyond the control of the movant, and free from his neglect." An examination of the cited cases is helpful in determining what facts constitute "good cause", within the meaning of the statute. The general pattern or type of facts which courts believe to be sufficient to require the setting aside of a default judgment is thus obtained. In the last analysis, however, the existence of such good cause depends upon the facts in each case. Facts which in one case may constitute good cause may not do so in another. The law strongly favors an opportunity to a defendant to make defense to an action against him. Even where he has been legally served with process commencing the action, if he had no actual knowledge of the institution or pendency of the action, and has not been negligent, he is usually entitled to have a default judgment against him set aside, provided timely motion therefor is made. *Parsons* v. *Parsons, supra; Townsend* v. *Carolina Coach Co.,* 231 N. C. 81, 56 S. E. 2d 39, 20 A. L. R. 2d 1174.

As pointed out above, sufficient service of process commencing the action was had as to the defendant May. *Rollins* v. *North River Insurance Co., supra.* Nevertheless, the defendant May had no actual knowledge of the pendency of the action until after the entry of the default judgment, and we find no negligence in his actions detailed above, after knowledge of the receipt of the registered letters by his wife. It is argued that the information which he received from his wife relating to the registered letters was sufficient to put him on inquiry. Assuming that to be true, he appears to have diligently made inquiry of all those who would likely have been in position to furnish information as to any accident in West Virginia involving

any vehicle owned by him. He was unable to obtain, by any reasonable means, information which would furnish the basis for any complaint which could be made against him by any citizen of West Virginia, much less any information as to the pendency of the action instituted against him in Raleigh County. It is true that the statute, Code, 56-3-31, constitutes members of a family of a defendant his agents for the purpose of signing the return receipts of such registered mail. That, however, relates only to service of process, and is not the equivalent of actual notice to a defendant of the contents of the registered letters so signed for. *Parsons* v. *Parsons, supra.* It is our conclusion, therefore, that the failure of defendant May to have actual knowledge of the institution or pendency of the action, until after the entry of a default judgment, in the circumstances of this case, was clearly an "adventitious circumstance" constituting good cause for the setting aside of the default judgment, and that he was guilty of no negligence.

It is contended that the receipt of the registered mail by the wife constituted notice to her of the pendency of the action and that, she being the agent of May, such notice would be imputed to him. As above pointed out, however, she was agent only for the purpose of receiving the registered letters. Such relationship was imposed by statute for that specific purpose only. She had no duty or obligation in connection with the business of defendant, was not, in any way, charged, either by voluntary act or by statute, with any duty to defend, or employ counsel to defend, the action, or even to open the registered letter addressed to her husband. The contention appears to be well answered in the opinion in the case of *Townsend* v. *Carolina Coach Co., supra,* in this language: "It is the intent and purpose of the law that no judgment of ·the character entered below, shall be taken against a defend-·ant until after due notice has been given by service of process on such defendant as provided by law, and that such defendant shall be given a reasonable opportunity to defend the action. Here the defendant has been served

with process, but given no opportunity to defend; no officer or agent, charged with the duty of defending actions against the corporation, knew of the existence of the suit until after judgment had been taken * * *". See *Rollins* v. *North River Insurance Co., supra; Parsons* v. *Parsons, supra.*

The defendant May, on the hearing before the trial court on the motion to set aside the default judgment, tendered evidence for the purpose of establishing facts which would show that he had a good defense to the action against him. The trial court, upon objection of plaintiff, refused to consider such evidence for the reason that defendant was not required to "do more than specify those grounds of defense". There is some confusion in the opinions of this Court as to whether a defendant, on a hearing to set aside a default judgment, must, in order to prevail, establish that he probably has a good defense to the action against him. See *Winona National Bank* v. *Fridley, supra; Arnold* v. *Reynolds, supra; Black* v. *Foley, supra; Alkire* v. *Mili, supra; Gainer* v. *Smith, supra.* We need not here resolve the question, since, assuming such a showing to be necessary, the error in refusing to permit the defendant to show a good defense to the merits of the action was induced by the plaintiff.

The judgment of the Circuit Court of Raleigh County is reversed, the verdict of the jury is set aside, and the case is remanded for further proceedings to be had in accordance with this opinion.

*Reversed;*
*verdict set aside;*
*remanded.*