# CHARLESTON.

G. D. HILL *v.* D. A. LONG *et als.*

(No. 6480)

Submitted October 1, 1929. Decided October 8, 1929.

*James S. Redmond,* for plaintiff in error.

HATCHER, JUDGE:

On January 7, 1928, the plaintiff secured a judgment for $200.00 before a justice of the peace. The defendants noted an appeal and gave bond. Attempts at compromise were made but not consummated. The plaintiff finally had the case put on the docket of the circuit court ten days before the August term. On August 20th, no appearance being made by the defendants, default judgment for the plaintiff was entered. On October 1st defendants appeared and moved the court to set aside the judgment. A special judge continued the motion until the next term for the consideration of the regular judge, the order reciting that it appeared that defendants had a just defense. How this was shown is not clear. On December 18th, the court, after hearing evidence, set aside the judgment and granted defendants a new trial. This is an appeal from that ruling.

The evidence offered in support of the motion to vacate the judgment showed that defendant D. A. Long knew that the case was to be tried at the August term, but did not know on what day; that Long's attorney, A. J. Lubliner, did not know that the case had been certified to the circuit court by the justice; that it was the custom of the court to have a printed docket of all cases sent to lawyers interested in any case thereon, about two weeks before the term; that this case was not on that docket; that all cases which were docketed thereafter were put on the court docket, as was done in this instance; that the court was accustomed to call all cases on the first day of the term; that Mr. Lubliner was in court on that day and the court announced that he was anxious to get away and would not call the docket as usual, but that the special judge would call each case as it was set; that this case was not called until the second day of the term at which time Mr. Lubliner was not present; and that he had no

666

knowledge that the case was docketed until after judgment had been entered.

This state of facts shows that defendants' failure to appear was due merely to lack of diligence. One of the defendants knew that the case was to be tried at the August term, yet did not ascertain the day set for trial. His attorney knew that, while the case was not on the printed docket sent him, cases coming in after the docket was printed were put on the court docket. He had warning that the docket would not be called as usual; yet he did not examine the court docket to see if it contained any of his cases not on the printed docket. Section 47, Chapter 125, Code, forbids that a default judgment be set aside unless "good cause be shown therefor". Good cause under the statute has been held to be "fraud, accident, mistake, surprise or some other adventitious circumstance beyond the control of the party and free from neglect on his part." *Post* v. *Carr*, 42 W. Va. 72. *Gainer* v. *Smith*, 101 W. Va. 314. Even if failure of appearance here could be attributed to any circumstances within the definition of good cause, that circumstance was not *free from neglect on the part of defendants*. Consequently the judgment should not have been set aside.

The order of December 18, 1928, is set aside and the judgment of August 20, 1928, reinstated.

*Order set aside; judgment reinstated.*