# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-79**       (Workforce Bd. of Review, No. X-2022-0066)

**CHARLES T. GALLOWAY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Workforce West Virginia ("Workforce") appeals the August 4, 2022, order of the Workforce West Virginia Board of Review ("Board of Review") which affirmed the ALJ's June 13, 2022, order. Respondent Charles Galloway timely filed a response in support of the Board of Review's decision.[1]  Workforce did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The sole issue on appeal is whether Workforce provided good cause for two late appeals. Thus, we will keep our recitation of the underlying facts brief. This matter began when Mr. Galloway submitted a claim to Workforce for unemployment benefits on February 28, 2021. By decision mailed March 3, 2021, Workforce found that Mr. Galloway was ineligible for unemployment compensation benefits because of insufficient earnings in the base period from October 1, 2019, to September 30, 2020.

On September 21, 2021, Mr. Galloway filed an appeal of the March 3, 2021, Workforce deputy decision. On October 28, 2021, Mr. Galloway's appeal was denied by the Board of Review as untimely. On November 8, 2021, Mr. Galloway filed an appeal of the October 28, 2021, denial, and the matter was set for hearing before the administrative law judge ("ALJ") solely on the issue of good cause for the late appeal. The hearing was held on November 28, 2021, at which the ALJ found that Mr. Galloway had attempted to contact Workforce immediately after receiving its decision to determine what action he

---

[1] Petitioner Workforce West Virginia is represented by Kimberly A. Levy, Esq. Respondent Charles T. Galloway is represented by Andrew T. Beatty, Esq.

1

needed to take. By decision dated December 1, 2021, the ALJ held that Mr. Galloway had shown good cause for the late appeal and reversed the decision of the Board of Review.

On January 25, 2022, the ALJ held a hearing on the merits of Mr. Galloway's claim. Workforce did not participate in the hearing. By decision dated February 1, 2022, the ALJ remanded the case to the local office for a determination of whether Mr. Galloway had sufficient wages in his base period to be eligible for unemployment compensation benefits. On March 21, 2022, Workforce appealed the ALJ's decision by a letter stating that Workforce did not receive notice of the hearing before the ALJ and did not receive the ALJ's decision when it was issued. On March 28, 2022, the appeal was rejected as untimely by the Board of Review, who stated Workforce had not shown good cause for the late appeal, which was received forty days after the eight-day deadline. On May 25, 2022, Workforce appealed the March 28, 2022, decision of the Board of Review, asserting that the appeal was filed late because the decision was lost within Workforce's interdepartmental mail.

On June 9, 2022, a hearing was held before the ALJ on the issue of whether Workforce had demonstrated good cause for filing its appeals of the February 1, 2022, and March 28, 2022, decisions out of time. In a decision dated June 13, 2022, the ALJ found that Workforce had not demonstrated good cause for either, or both, of the late appeals. The ALJ stated Rule 3.3 of the Unemployment Compensation Board of Review Procedure Rules provides that the time period for filing an appeal of a Workforce decision is within eight days after the decision has been mailed to the claimant and the employer as stated in West Virginia Code § 21A-7-8 (1978). The ALJ noted that Workforce provided no explanation, except bureaucracy, as to why the decision was appealed one month and thirteen days after the deadline had expired. Further, the ALJ found Workforce presented no evidence that the agency did not receive notice of the January 25, 2022, hearing. The ALJ also found that the evidence demonstrated that Workforce had received the ALJ decision issued in February of 2022, well before it filed its appeal on March 21, 2022. On June 21, 2022, Workforce filed an appeal of the ALJ's decision. By order dated August 4, 2022, the Board of Review affirmed the decision of the ALJ in its entirety. It is from this order that Workforce now appeals.

Our standard of review is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Workforce argues that excusable neglect and circumstances beyond its control constitute good cause for its late appeal. For example, as reasons justifying the late appeals, Workforce asserts that the first decision was not timely sent to the correct department, and that the second decision was sent to Workforce's legal department via interdepartmental mail but never arrived. We are not persuaded by Workforce's arguments.

West Virginia Code § 21A-7-8 provides, in part, as follows:

A claimant, last employer, or other interested party may file an appeal from the decision of the deputy within eight calendar days after notice of the decision has been delivered or mailed to the claimant and last employer as provided in section four of this article. The period within which an appeal from the decision of the deputy may be filed shall be stated in such notice. The decision of the deputy shall be final, and benefits shall be paid or denied in accordance therewith unless an appeal is filed within such time.

Workforce argues that it demonstrated good cause for the late appeals and cites to *Hill v. Long*, 107 W. Va. 664, 150 S.E. 6 (1929), which defined good cause in the context of a default judgment as "fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from neglect on his part." Workforce also argues that excusable neglect constitutes good cause for the late appeals. *See Ethan B. v. Tracy W*., No. 19-0830, 2020 WL 6393565, at *3 n.13 ( W. Va. Nov. 2, 2020) (memorandum decision) ("Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.").[2]

Here, the record clearly demonstrates that the final date for Workforce to appeal the ALJ's February 1, 2022, decision was February 9, 2022. Workforce did not file its appeal until March 21, 2022, one month and thirteen days after the deadline expired. Workforce's only explanation as to the initial late appeal was that there were issues in communication between various internal departments of the agency. The Board of Review denied the late appeal on March 28, 2022. The final date to appeal this order was April 6, 2022. Workforce did not appeal the second decision until May 25, 2022, one month and nineteen days after the appeal deadline expired. Again, Workforce stated the late appeal was due to issues in communication between its own departments. Workforce did not demonstrate any circumstance beyond the agency's control which led to these late appeals. As the agency tasked with handling unemployment cases, Workforce was clearly aware of the eight-day deadline for filing an appeal of a deputy's decision. *See* W. Va. Code § 21A-7-8.

---

[2] This decision also provides that "a mistake in construing court rules would typically not constitute excusable neglect." *Id.* at * 3.

Workforce also cites to West Virginia Code of State Rules § 84-1-6.4 (2018), which provides that, "[a]ll appeals must be filed in accordance with the time periods set forth in these rules . . . [f]or good cause shown, the Board or its designee may accept and process a late appeal." Workforce argues that the initial decision was sent to a department which focused on data collection, rather than the legal department, and, therefore, good cause was shown for the initial late appeal. Regarding the second late appeal, Workforce argues that good cause exists because the administrative decision was sent to the correct employee via interdepartmental mail, but that it did not arrive at its destination. We disagree. It is the duty of Workforce to notify the proper employees of decisions made within the agency, and Workforce is responsible for managing its interdepartmental mail system and ensuring that necessary documents reach the designated employees.

Workforce further argues that the central office was not notified of the January 25, 2022, hearing as a justification for the late appeal. However, the record demonstrates that several individuals within the office received emails regarding the date of the hearing, as well as a copy of the telephonic docket showing each hearing scheduled the week of January 24, 2022. Based upon our review, we find that the record was more than sufficient for the ALJ to find that Workforce failed to show good cause for the two late appeals of the decisions dated February 1, 2022, and March 28, 2022, and for the Board of Review to affirm the ALJ's order dated June 13, 2022.

For these reasons, we find that the Board of Review was not clearly wrong in affirming the ALJ's decision. Accordingly, we affirm the Board of Review's August 4, 2022, decision.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4